## LAWRENCE V. PECK.

1. To a complaint in the usual form upon a promissory note, defendant pleaded a general denial, and that the cause of action alleged in the complaint did not accrue within six years. At the trial, the court, upon motion of plaintiff, compelled the defendant to elect upon which defense he would go to trial. *Held*, error.
2. Such separate defenses are not legally inconsistent with each other.
3. But, if they were, that of itself, under our statute, would not justify the court in requiring the defendant to stand upon one alone, and abandon the other.

(Syllabus by the Court. Opinion filed April 4, 1893.)

Appeal from circuit court, Hanson county. Hon. D. HANEY, Judge.

Action by John Lawrence against H. W. Peck on a promissory note. Defendant pleaded a general denial and the statute of

limitations. A motion to compel him to elect on which defense he would proceed was sustained, and defendant appeals. Reversed.

The facts are stated in the opinion.

*R. M. Dott,* for appellant.

The acknowledgment or promise to take a debt out of the statute of limitations must be in writing. Biddell v. Brizzalora, 56 Cal. 374; Kincaid v. Archibald, 73 N. Y. 192. The burden of proof is upon the plaintiff to show that the action was commenced within the statutory time. Abbott's Trial Ev. 822; 2 Greenl. 431; Ayers v. Hubbard, 40 N. W. 10. Mere general expressions that the debt is due or that it cannot now be paid will not take it out of the statute. Gray v. McDowell, 6 Bush. 475; Lee v. Wyse, 35 Conn. 384; Lombard v. Pease, 14 Me. 349; Manning v. Wheeler, 13 N. H. 486; Thayer v. Mills, 14 Me. 300; Jenkins v. Boyle, 2 Cranch, 120; Bangs v. Hall, 2 Pick. 368; Danforth v. Culver, 6 Am. Dec. 361. The acknowledgment to take the debt out of the statute must contain an unqualified and distinct admission of a previous subsisting debt which the defendant is liable and willing to pay. 7 Wait's Act. & Def. 295; Carral v. Forsyth, 69 Ill. 127; Wakeman v. Sherman, 9 N. Y. 88; Wachter v. Albee, 80 Ill. 47; Miller v. Baschore, 83 Iowa St.; Bell v. Morrison, 1 Pet. 351; Turner v. Martin, 4 Rob. 661; Insurance Co. v. Britt, 44 Barb. 489; Loomis v. Decker, 1 Daly, 186; Bloodgood v. Bruen, 8 N. Y. 362. A promise to pay when able is not sufficient without evidence of ability to pay. Abbott's Trial Ev. 824; Bush v. Barnard, 8 Johns. 407; Chandler v. Grover, 32 Pa. St. 509; Richardson v. Brecker, 1 Pac. 433; Denny v. Marrett, 13 N. W. 148.

*Dillon & Preston,* for respondent.

A defendant who relies upon payment as a defense must plead it. McKysnig v. Bull, 16 N. Y. 297; Texier v. Gorvin, 5 Duer, 389.; Morrell v. Insurance Co., 33 N. Y. 429; Bapaler v. Stewart, 27 N. Y. 310; Beaty v. Sturdivant, 32 Barb. 293; Evans v. Williams, 60 Barb. 346; Weaver v. Barden, 49 N. Y. 286.

If the appellate court cannot perceive that a new trial would result in a different verdict, or that the appellant has not been injured, a new trial should be denied. Hewitt v. Jones, 72 Ill. 218; McConnell v. Kibby, 33 Ill. 175; Brown v. Bowen, 30 N. Y. 520; Sheldon v. South, 24 Conn. 88; Phoenix v. La Pointe, 118 Ill. 384; Noyes v. Shepard, 30 Me. 173; Winans v. Sierra Lumber Co., 66 Cal. 61; Clark v. Child, 66 Cal. 87.

A mere acknowledgment of the existence of the debt is sufficient to take it out of the statute, as the law will infer from its existence a promise to pay. Henry v. Root, 33 N. Y. 526; Foster v. Smith, 52 Conn. 449; Black v. Reybald, 3 Harr. 528; Stewart v. Gavett, 65 Md. 392; Shipley v. Shilling, 66 Md. 558; Beasly v. Evans, 35 Miss. 192; Chidsey v. Powell, 91 Mo. 622; Rolfe v. Pillard, 16 Neb. 21; Deveraux v. Henry, 16 Neb. 55; Shaffer v. Hoffman, 113 Pa. St. 1; Shepherd v. Thompson, 122 U. S. 231; Sigourney v. Dravy, 14 Pick. 390.

Kellam, J. This was an action upon a promissory note. The complaint was in the usual form, alleging the making of the note and its nonpayment. The answer set up two defenses: (1) A denial of "each and every allegation of the complaint;" and (2) that the cause of action did not accrue within six years before the commencement of the action. Upon the trial the plaintiff asked the court to compel the defendant to elect upon which defense he would proceed. The motion was allowed, and the defendant excepted. Having elected to stand upon the second defense the case was tried upon that issue only, resulting in judgment for the plaintiff. From that judgment and after motion for new trial had been denied, defendant appeals, and among the errors assigned is that of compelling defendant to elect upon which defense set up in his answer he would go to trial. We think the assignment is well taken. Section 4915, Comp. Laws, among other things, provides that in actions arising on contract "the defendant may set forth by answer as many defenses and counterclaims as he may have." In reference to the meaning and

effect of that section, this court, in Stebbins v. Lardner, (S. D.) 48 N. W. Rep. 847, said that "parties cannot be compelled to elect between two inconsistent defenses, or be precluded from giving evidence under one defense because some other defense is pleaded actually or apparently inconsistent with it." See, also, Pom. Rem. & Rem. Rights, § 722; Bruce v. Burr, 67 N. Y. 237; Buhne v. Corbett, 43 Cal. 264; Bank v. Closson, 29 Ohio St. 78.

But the two defenses thus separately alleged were not inconsistent. Two defenses are not inconsistent if both may be true, and it might certainly be true that plaintiff never signed the note in suit, and that "the cause of action set forth in plaintiff's complaint did not accrue within six years before the commencement of this action." The two propositions, thus connected in one pleading, may on the surface appear logically inconsistent, because, if the first is true, the second is immaterial; but they are not inconsistent in fact. They are really inconsistent only when the proof of one necessarily disproves the other. See Bell v. Brown, 22 Cal. 671, where the subject of inconsistent defenses is elaborately discussed and many illustrations given of special defenses that are consistent with a denial. See, also, Willson v. Cleaveland, 30 Cal. 192, where a denial of the cause of action was coupled with a plea of the statute of limitations; and Mott v. Burnett, 2 E. D. Smith, 52, where it is said that a defendant may deny the making of a note, and also aver that at the time of the making of the note he was an infant; and McCormick v. Kaye, 41 Mo. App. 263, where it is held that a general denial, a justification, and the statute of limitations are not so inconsistent that the proof of one necessarily disproves the other, and that consequently all may be pleaded in one answer; and Barnes v. Scott, (Fla.) 11 South. Rep. 48, where, in an action on a promissory note, a defense of want of consideration was held not inconsistent with a denial of the making of the note. In this case the defendant might have known that he never signed the note in suit; that his purported signature was a forgery, but so cleverly done, and so

closely resembling his genuine signature, that he might fail to satisfy a jury that it was a forgery; and it would be a manifest injustice if, because he conscientiously denied the making of the note, he should be thereby precluded from showing that the note which he failed to satisfactorily prove he never signed was barred by the statute of limitations. We think the ruling of the trial court, compelling defendant to elect upon which defense he would go to trial, and consequently to abandon the other, was an error to the apparent prejudice of the appellant, for which the judgment must be reversed. The judgment is reversed, and the cause remanded for a new trial. All the judges concurring.