[No. 2784.  Decided March 2, 1898.]

W. H. DAVIS, *Respondent*, v. SEATTLE NATIONAL BANK, *Appellant*.

RES JUDICATA — TO BE DETERMINED BY THE ISSUES — PLEADING —
INCONSISTENT DEFENSES — ACCOUNT STATED.

Where the issue has been raised and determined in an action by a bank upon a note and over draft that defendant, who had served the bank as attorney, was entitled to nothing on a counterclaim for services rendered, an assignee of the bank who has taken all its assets in consideration of discharging all its liabilities is entitled to plead such judgment as *res judicata* in an action against it on account of such services brought by an assignee of the attorney, who acquired his claim pending the former action.

In determining whether the subject matter of litigation is *res judicata* as to parties and their privies, the court is governed only by the issues and judgment in the prior action, and cannot consider grounds for the judgment which are not contained in the record.

A defendant may deny liability and at the same time plead a counterclaim or offset, without subjecting himself to the charge of pleading inconsistent defenses, if there is no direct contradiction in the special facts pleaded.

The fact that a statement of account had been delivered to defendant and the same retained a long time without objection, would not make it an account stated determining the amount due from defendant, when there was no liability existing on the defendant's part.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge.  Reversed.

*Preston, Carr & Gilman*, for appellant:

The prior adjudication herein involved was had upon a counterclaim pleaded in defendant's answer.  That the rule of *res adjudicata* applies equally to a claim so presented is conclusively shown by the following authorities:

5—19 WASH.

If a cause of action was involved in a former action, either as set off, counterclaim or defense, it is barred by the judgment. *Howe v. Lewis*, 22 N. E. 978; *Wright v. Miller*, 41 N. E. 698; *Green v. Sanbon*, 23 N. E. 224. A party is not bound, when sued, to plead a set off or counterclaim, but, if the issues are so joined that a counterclaim is in fact litigated, the defendant will not be permitted afterwards to sue and recover on the same. *Howe v. Lewis, supra; Globe v. Dillon*, 86 Ind. 332 (44 Am. Rep. 308); *Thompson v. Schuster*, 28 N. W. 858. A defendant is bound either to withdraw or litigate his demands; and if, after having plead a counterclaim, he fails to support it with evidence, he will be estopped by the verdict from suing on the demand in a subsequent suit. *Eastmure v. Laws*, 5 Bing. N. C. 444; *Gunsaulis v. Cadwallader*, 48 Iowa, 51; Freeman, Judgments, § 279; 2 Black, Judgments, § 763. Where, under a plea of counterclaim, defendant fails to produce evidence in support thereof, a judgment against defendant as to such counterclaim is a final adjudication on the merits, operating as a bar to the prosecution of an action on such claim. *Wright v. Miller, supra; Green v. Sanbon, supra; Dougherty v. Cummings*, 9 Ohio Cir. Ct. 718.

In instructing the jury that the plea of set-off is *nolens rolens* an admission of the plaintiff's claim, the learned judge evidently had in mind the English rule, which arose from the fact that the act of parliament only permitted set-off in case of *mutual demands*, and in some cases even required the set-off to contain an affirmative statement of both sides of the mutual account. Jacobs' Fishers' Digest, title "Set-off." But that rule never went so far as stated in the instruction—in a case where the plea was accompanied by a general denial or the general issue. A special plea of set-off, without any traverse of the plaintiff's de-

mand, might be considered as admitting it, but where the special plea is accompanied by the general denial, or other defense, no such construction or effect can be given to it. It is only where the plea of set-off is the *only* plea interposed that there can be held to be an implied admission of the justice of the plaintiff's claim. *Morgan v. Boone*, 1 J. J. Marsh. 585; Waterman, Set-off, § 617. Although a party pleads a set-off, he is not precluded from relying on any other just defense on the trial of the cause. *Price v. Combs*, 12 N. J. Law, 188. In fact, the right to set-off is regarded as incidental to and dependent upon the plaintiff's having established a right of recovery against the defendant, and if this fails the right of set-off cannot exist. *Brazelton v. Railway Co.*, 40 Tenn. 570. It is proper pleading to add a set-off to a general denial. *Pike v. King*, 16 Iowa, 49; *Freeman v. Fleming*, 5 Iowa, 462; *Bagley v. Carpenter*, 2 Wash. T. 20; 3 Chitty, Pleading, p. 931.

An account stated only determines the amount of a debt where liability in fact exists, and cannot be made the instrument *per se* to create a liability where none before existed. *Austin v. Wilson*, 11 N. Y. Supp. 565; *Bradley Fertilizer Co. v. Publishing Co.*, 17 N. Y. Supp. 587; *Kemp v. Peck*, 13 N. Y. Supp. 112; *Field v. Knapp*, 14 N. E. 830; *Quincey v. White*, 63 N. Y. 379; *Stevens v. Ayers*, 10 N. Y. Supp. 502.

The law requires very explicit evidence to charge one man with another's indebtedness, and a mere retention of account is not sufficient. *Spangler v. Springer*, 22 Pa. St. 458. Failure of one not personally cognizant of the correctness of an account to dispute or object within a reasonable time is not an admission of its correctness. *Schutz v. Morette*, 40 N. E. 780.

*Humphries, Humphrey & Edsen*, for respondent:

The plea of set-off and counter-claim admits the cause of action. *Bellinger v. Craigue,* 31 Barb. 534; *Davidson v. Remington,* 12 How. Pr. 310; *Kneedler v. Stemberg,* 10 How. Pr. 67; *Steele v. Etheridge,* 15 Minn. 501; *Mason v. Heyward,* 3 Minn. 182; *Dietrich v. Koch,* 35 Wis. 626; *Moore v. Tate,* 87 Tenn. 725 (10 Am. St. Rep. 712); *Holzbauer v. Heine,* 37 Mo. 443. The appellant, by its attempted set-off and counter-claims has admitted respondent's cause of action. *Seattle National Bank v. Carter,* 13 Wash. 281; *Thomas v. Light & Water Co.,* 53 N. W. 710. This court has adopted the rule that inconsistent defenses cannot be pleaded. There cannot be a counterclaim where there is no admission of indebtedness; the same with set-off. *Prouty v. Eaton,* 41 Barb. 409. If there is no admission of indebtedness, there can be no set-off, as it is only when there is a cause of action that there can be a set-off. *Claridge v. Klett,* 15 Pa. St. 255.

The set-off of Wheeler was not allowed [in the former action by the Commercial National Bank]. It could not be allowed in cause No. 21,356, because his claim was against the Seattle National Bank, which was not a party to the suit. In fact, it was determined in that the Seattle National Bank did not own the claims against Wheeler. There is no testimony that any evidence was given by Wheeler upon his set-off in cause 21,536. If no evidence was given there is no adjudication. *Eastmure v. Laws,* 7 Scott, 461; *Reynolds v. Reynolds,* 3 Ohio, 268; *Garrott v. Johnson,* 35 Am. Dec. 272. There could be no adjudication of a stated account against the Seattle National Bank in a suit by the Commercial National Bank against Wheeler. The issues were not the same, the facts are not the same, the parties are not the same, the same testimony would not sustain both actions. *Hoke v. Lowe,* 48 Ill. App. 126; *Atlantic Dock Co. v. Mayor,* 53 N. Y.

64. Even a judgment obtained against the wrong party is no bar or estoppel against the right party. *Mathews v. Lawrence,* 1 Denio, 212 (43 Am. Dec. 665); *Bleakley v. White,* 4 Paige, 654; *Fowler v. Bowery Savings Bank,* 47 Hun, 399.

The opinion of the court was delivered by

Scott, C. J.—Plaintiff brought this action upon an assigned claim to recover for services performed by one Wheeler as an attorney at law for the Commercial National Bank of Seattle.  On November 22, 1894, said bank, desiring to retire from business, entered into an arrangement with the Seattle National Bank, the defendant here, whereby it transferred all its assets to this defendant as security for moneys advanced by it to pay the indebtedness of the Commercial National Bank as shown by its books, amounting to $68,576.44.  It is not claimed that the books of the Commercial National Bank showed it to be indebted to the plaintiff for the services aforesaid.  It was further provided in the agreement of transfer that said assets should secure to the Seattle National Bank interest at the rate of eight per cent. per annum on said amount, and should also secure all sums that it might be called upon to pay for the Commercial National Bank;  and, in case of an overplus, it was to be paid *pro rata* to the stockholders of the Commercial National Bank.  The claim aforesaid was based upon services alleged to have been performed for the Commercial National Bank in a number of different actions, and it was contended by the plaintiff that after the transfer of its assets to the defendant here he continued to perform services in such actions for some months thereafter. The assets so transferred to this defendant included a note for $1,130, with interest, given by said Wheeler to the Commercial National Bank, and also a claim for an overdraft of $813.34.  Upon Wheeler's being asked to pay

these amounts, he claimed an off-set for the services aforesaid, and it appears that he rendered a statement therefor against both banks jointly. This will be referred to later.

Thereafter the Seattle National Bank re-assigned said claims to the Commercial National Bank for the purpose of bringing suit. The proceeds in case of a recovery, however, were to go to the Seattle National Bank as a part of the assets aforesaid, and for the purposes of the transfer.

In said action Wheeler set up his claim for services as an off-set or counter-claim. The reply contained a denial of the rendition of any such services or of any indebtedness therefor, so that the fact as to whether he had any claim for such services, or had performed the same, was directly in issue in said trial. Thereafter, during the pendency of said action, Wheeler assigned his claim to the plaintiff here, but the same was not withdrawn from the action aforesaid, and in its findings, the cause having been tried without a jury, the court found,

" That the plaintiff was not the first day of November, or at any other time, indebted to the defendant for services as an attorney rendered within three years last past and for money paid to and for the use and benefit of the plaintiff in the sum of $2,400, or in any other sum or any sum at all, and that the defendant L. H. Wheeler is not entitled to recover anything from the plaintiff upon the cause of action set up in the first cross-complaint contained in his third amended answer herein;"

and rendered judgment thereon as follows:

" That the defendant L. H. Wheeler take nothing by either of the causes of action set up in the cross-complaint in his third amended answer, and that the same and all matters contained in said cross-complaint be and are hereby adjudged and determined, and that the plaintiff recover its costs and disbursements herein and be entitled to execution."

One of the contentions of the defendant in this case is that this claim was barred by said judgment, and we are of the opinion that it is well taken.   No direct contract upon the part of the Seattle National Bank to pay said claim is shown, and its liability, if any, arises by virtue of its having received the assets of the Commercial National Bank. ·The fact that Wheeler continued to perform services in those actions for some time after said transfer, must be considered as though he were still performing them for the Commercial National Bank or in the prosecution of its business under the assignment, of which he had notice; and the plaintiff in this. action, having purchased the   claim while it was in litigation, is bound to the same extent that Wheeler would have been bound by the judgment if he had not assigned the claim.   This is so well sustained by the authorities that a citation is needless, and in fact we do not understand the general rules aforesaid to be disputed by the plaintiff, except that he contends Wheeler was defeated in the first action on the ground that the Seattle National Bank owed him for the services.   If that was the case, he should have had a finding there to that effect, not having withdrawn the claim.   We can only be governed by the issues and the judgment.   The plaintiff here is the privy of the defendant in that case and the defendant here is the privy of the plaintiff in that case, and the same matter there adjudicated is sought to be retried here,   viz.: that the plaintiff performed the services, the value thereof and the balance unpaid.   It is argued that unless the plaintiff can maintain this action it will result in the loss of the claim without a trial on the merits.   The evidence introduced in the former action is not here, if we could look into it.   Wheeler testified in this action that he had been paid various sums from time to time for his services.   His claim here is for the balance.   We do not know on what ground

the court found against him in the former action, nor is that question before us.    As a matter of law the record presents a bar, in the absence of an independent agreement on the part of the defendant here to pay the claim.

In this action the defendant sought to off-set the demands originally held by the Commercial National Bank against Wheeler upon the note and overdraft, and the court charged that by pleading this off-set the defendant admitted its liability to the plaintiff upon the claim for the services performed by Wheeler, and the respondent's counsel maintains that this was correct upon the theory that to dispute the aforesaid claim and at the same time plead an off-set would be setting up inconsistent defenses, and cites the cases of *Seattle National Bank v. Carter*, 13 Wash. 281 (43 Pac. 331) and *Allen v. Olympia Light & Power Co.*, 13 Wash. 307 (43 Pac. 55), but these cases do not sustain his contention.    We are of the opinion that a defendant may deny liability, and at the same time set up a counterclaim or off-set, or allege payment, in all cases where there is no direct contradiction in the special facts pleaded, and there is none such here.    *Corbitt v. Harrington*, 14 Wash. 197 (44 Pac. 132).

A further question remains to be considered, and that is the contention of the plaintiff that he had a right to recover upon an account stated on the ground that he had delivered a statement of his account to the defendant in this action, and that the same had been retained a long time without objection.    The facts as to this are disputed, but, adopting the most favorable construction for the plaintiff, it is well settled that such an account only determines the amount of a debt where a liability exists, and there was no direct obligation here against the defendant.    *Bradley Fertilizer Co. v. South Pub. Co.*, 17 N. Y. Supp. 587; *Austin v. Wilson*, 11 N. Y. Supp. 565.    A great many questions

were submitted to and answered by the jury, but none of them can have a controlling effect on the above questions. As the defense of former adjudication of the plaintiff's claim is sustained, it is unnecessary to consider the defendant's contention as to the right to off-set the note and overdraft or the judgment thereon.

Reversed and remanded accordingly.

ANDERS, DUNBAR, GORDON and REAVIS, JJ., concur.