pellants made by D. V. McDonald, that he ratified the same, and that he cannot at this time successfully question its va-lidity.

The judgment is affirmed.

FULLERTON, ELLIS, MAIN, and MOUNT, JJ., concur.

---

[No. 12643.    Department One.    July 21, 1915.]

D. V. McDONALD, *Respondent*, v. MALCOLM McDOUGALL, *Appellant*.[1]

LIMITATION OF ACTIONS—FRAUD—DISCOVERY — DILIGENCE — QUESTION FOR JURY. In an action for relief upon the ground of fraud, to be commenced, under Rem. & Bal. Code, § 159, subd. 4, within three years after discovery by the aggrieved party of the facts constituting the fraud, whether plaintiff discovered, or by the use of reasonable diligence could have discovered, the fraud so as to bar the action, is a question for the jury, where it appears that in 1908 plaintiff paid defendant $15,000 to invest in mining stock upon the same basis as defendants and others had paid, which was five cents a share, but defendant purchased stock for plaintiff at fifteen cents a share; that plaintiff became a director in the corporation and had access to the books showing the prices others had paid, and there was evidence that he knew what others had paid; but plaintiff testified that he had the utmost confidence in the defendant, his suspicions were not aroused, his attention was not called to the records, he had no actual possession of the books, and no notice of the fact that his stock had been purchased at a greater sum than others had paid until December 1, 1913, and the action was commenced in February, 1914.

TRIAL—INSTRUCTIONS — ISSUES — PREJUDICE — OTHER CORRECT INSTRUCTIONS. In an action to recover for fraud in purchasing mining stock, at a price in excess of the price paid by defendant and others, contrary to the agreement of the parties, an instruction to the effect that defendant could not recover if he had notice, or as a reasonable man should have had notice of "the price he was paying for stock," is erroneous, as he admittedly knew such fact, and the issue was as to his knowledge as to the price paid by others; and the error is not cured by other correct instructions, given on the Saturday previous, where the erroneous instruction was given the next Monday morning as an additional instruction.

[1]Reported in 150 Pac. 625.

Appeal from an order of the superior court for King county, Ronald, J., entered September 12, 1914, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action for fraud.  Affirmed.

*Gay & Kelleran,* for appellant.

*Karr & Gregory,* for respondent.

MOUNT, J.—This appeal is from an order which granted the plaintiff's motion for a new trial, in an action brought by the plaintiff to recover $10,000 from the defendant.  It appears that, in September, 1908, the plaintiff advanced to the defendant $10,000 for the purpose of purchasing stock in the Cache Creek Mining Company, a corporation.  Later, in November of the same year, the plaintiff advanced $5,000 additional for the same purpose.  The plaintiff testified in substance that he and the defendant had been intimately acquainted for the past twenty-five years, had been associated together a portion of this time in business matters, and that the plaintiff had the utmost confidence in the defendant; that the defendant, in September, 1908, importuned the plaintiff to invest in the mining venture in Alaska; that the defendant promised the plaintiff he would invest the money in the mining stock of the corporation upon the same basis as the defendant and others had been permitted to invest therein; that the plaintiff had the utmost confidence in the integrity of the defendant, and relied upon the defendant to use the money as directed; that the defendant, instead of purchasing shares in the company at the same rate that others had invested therein, purchased 100,000 shares of stock at 15 cents per share, while others had purchased the same stock at the rate of five cents per share; that the defendant had concealed this fact from the plaintiff and the plaintiff did not discover this deception until about December 1, 1913.  The action was brought on the 7th day of February, 1914.

The defendant admitted that he received the $15,000 from the plaintiff at the time stated, but alleged and testified that

he received the money from the plaintiff for the purpose of purchasing shares in the corporation at the then current price at which the same were offered to the general public; that the current price of the shares at that time was 20 cents per share; but in view of the fact that others had been permitted to purchase stock at a less rate than 20 cents per share, he purchased shares of the company at the rate of 15 cents per share. He also testified, as alleged in answer to the complaint, that in November, 1908, the plaintiff was informed and well knew the amount that had been paid for the stock, that he was thereafter elected a director and vice president in the corporation, had access to the books which showed the amount that had been paid for the stock, and the amount that the other shareholders had paid for stock; that the defendant had made no concealment of the purchase price of the stock, and had not in any way defrauded the plaintiff, or concealed from him the price at which other stock had been purchased.

At the trial of the case, at the close of the plaintiff's evidence, and at the close of all the evidence, the defendant moved the court for a directed verdict on the ground that the statute of limitations had run against the claim. These motions were denied. The cause was submitted to the jury upon instructions given by the court, and a verdict was returned in favor of the defendant. Thereafter a motion for a new trial was filed by the plaintiff upon all the statutory grounds. The court granted the motion and entered an order as follows:

"Ordered that the plaintiff's motion for a new trial herein be and the same is hereby granted upon the ground that the court erred in giving to the jury the instructions to which exceptions were taken by the plaintiff and are on file herein, and that said motion be and the same is hereby denied upon all other grounds; and it is further ordered, that the plaintiff's motion for judgment notwithstanding the verdict herein be and the same is hereby denied."

The defendant has appealed from that order.

A number..of errors are assigned in the brief of the appellant, but the points relied upon may be reduced to two: First, that the error was harmless, conceding the instruction to be erroneous upon which the court granted the motion for a new trial; and second, that the trial court should have directed a verdict in favor of the defendant. We shall notice these points in inverse order.

It is contended by the appellant that the trial court should have directed a verdict, because it is shown that the statute of limitations has run against the claim. It will be noticed that the $15,000 above mentioned was furnished the defendant in the year 1908, and that the action was not begun until the year 1914. The statute, Rem. & Bal. Code, § 159, provides, that actions shall be begun within three years,

"4. An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; . . ."

Construing this section, this court has held in a number of cases that whatever is notice enough to excite attention and put a party upon his guard, or call for an inquiry, is notice of everything to which such inquiry might have led.

"The presumption is that if the party affected by any fraudulent transaction or management might, with ordinary care and attention, have seasonably detected it, he seasonably had actual knowledge of it. . . . A party defrauded must be diligent in making inquiry. The means of knowledge are equivalent to knowledge. A clue to the fact, which, if followed up diligently would lead to a discovery, is in law equivalent to discovery,—equivalent to knowledge." *Deering v. Holcomb*, 26 Wash. 588, 67 Pac. 240, 561.

See, also, *Irwin v. Holbrook*, 32 Wash. 349, 73 Pac. 360; *Wickham v. Sprague*, 18 Wash. 466, 51 Pac. 1055; *Morgan v. Morgan*, 10 Wash. 99, 38 Pac. 1054.

It is argued by the appellant with much reason that, because the plaintiff was a director in the corporation after his stock was purchased, he had access to the books of the

corporation which showed the prices which other stockholders had paid for their stock, and the price at which plaintiff's stock had been purchased by the defendant. Ordinarily, we think this would be sufficient to put the plaintiff upon notice of what the records of the corporation contained. But the plaintiff in this case testified that he had the utmost confidence in the defendant, that his suspicions had never been aroused to the fact that he had paid more for his stock than other stockholders; that, while he was a director in the corporation, his attention had never been called to the minutes of the corporation which showed the prices at which the stock had been sold; that he had never had actual possession of the minute book or heard the minutes read; and that no notice of the fact that his stock had been purchased at a greater price than other stockholders had paid was brought to him until about December 1, 1913. If these statements are true, and they must be so taken by us in the consideration of this question, we think that, even under the rule as stated above, it was a question for the jury whether or not the plaintiff, as a reasonably prudent man, was diligent or actually knew, or should have known under the circumstances, the fact that the stock was purchased at a greater price than other stockholders had paid for their stock. We are satisfied, therefore, that this was a question to be submitted to the jury. If the plaintiff had actual notice of the price that other stockholders paid for their stock, or if any circumstances arose which would put him upon notice that his stock was purchased at a higher rate than that of other stockholders, or if, as an ordinarily prudent person, he was required to examine the minutes of the corporation prior to the time he became a director therein, then of course the action must have been brought within three years after the time when he should have discovered the fraud, if there was any fraud.

There was evidence on the part of the defendant that the plaintiff knew what his stock had cost at the time it was purchased. There was also evidence of the fact that he actu-

ally knew what other stockholders had paid for their stock, soon after that time. This, we think, made a question for the jury upon the fact whether or not the plaintiff knew, or should have known, what he himself had paid for his stock and what other stockholders had paid for their stock, more than three years prior to the bringing of the action. If he did know, or if he should have known, as a person reasonably diligent in looking after his affairs, he is now too late to maintain the action. The court, we think, very properly instructed the jury upon these questions. We think these were questions for the jury to pass upon. We are of the opinion, therefore, that the court did not err in submitting the question to the jury.

After the court had instructed the jury on May 29, 1914, the court took a recess until Monday, June 1, when the court gave an additional instruction as follows:

"Members of the jury: This court instructs further: That any fact may be established in the trial by circumstantial evidence, where the circumstances are sworn to by witnesses or established by other evidence produced upon the trial. Circumstances of fact must be of such a nature and character as to lead a reasonable man to but one conclusion, excluding all other hypothesis than that arrived at by the consideration of such circumstances.

"So in this case, you are instructed that you may consider all the circumstances shown at the trial, to establish, if you find they do establish, whether the plaintiff, McDonald, had notice, or as a reasonable man should have had notice, of the price he was paying for stock at or about the November meeting of November, 1908, or at about the February meeting in 1909, or at any other time prior to three years before the commencing of the present cause of action, and as I have told you, if he has had such notice, then he cannot recover."

The trial court was of the opinion that this instruction amounted to an instruction to the jury to return a verdict in favor of the defendant, for the reason that it was conceded that the defendant had purchased the stock at the

price of 15 cents per share, and it was conceded, of course, that the plaintiff knew this fact. This instruction in substance told the jury that, if the plaintiff had notice of the price he was paying for his stock in November, 1908, and February, 1909, then he could not recover. It is plain to be seen that if this instruction was followed by the jury, no other verdict could have been rendered than a verdict for the defendant, because, as stated above, it was conceded by both parties that the purchase price of the stock was known to both the plaintiff and the defendant at the time of the purchase. The gist of the case was fraud, which was alleged to have been committed by the defendant, and not the price at which the stock was purchased. The plaintiff knew the price that his stock was purchased for. But he testified that he did not know that other stockholders had paid less for their stock than fifteen cents per share, that he was not told by the defendant of this fact, and that he did not discover it until several years after the stock had been purchased.

The principal questions of fact upon the trial were: Did the defendant agree to purchase stock in the company at the same price the promoters had paid? Did the defendant purchase at a greater price? Did the defendant lead the plaintiff to believe that he had paid the same price and conceal this fact from the plaintiff? Before the plaintiff can recover, the jury must find affirmatively upon all these questions, and in addition thereto that the plaintiff did not know the facts, and, as a reasonably prudent man, could not have discovered them prior to three years before the action was begun. The instruction quoted eliminated all these questions. It is plain, therefore, that this instruction was erroneous.

The appellant argues that, even if the instruction was erroneous, it was without prejudice, because the court had correctly instructed the jury at a former time in the trial. But the correct instructions were given on a Saturday evening, and this instruction was given the following Monday morning

and, of course, would greatly outweigh the correct instructions which had. been given previously. We are satisfied, therefore, that the trial court concluded that this instruction was erroneous and harmful, and for that reason correctly granted a new trial.

The order appealed from is therefore affirmed.

MORRIS, C. J., CHADWICK, HOLCOMB, and PARKER, JJ., concur.