[No. 13396.   Department Two.   August 16, 1916.]

F. C. HOY *et al.*, *Appellants*, v. D. J. BURK *et al.*,
*Respondents.*[1]

LIMITATION OF ACTIONS—FRAUD—DISCOVERY—COMPLAINT—SUFFI-
CIENCY. A complaint in an action for fraudulent representations as
to the character of land and relating to a drainage project is de-
murrable, as not commenced within three years after discovery of
the fraud as provided by Rem. & Bal. Code, § 159, although it is al-
leged that the fraud was not discovered within such time, where it
appears from the complaint that plaintiffs lived on the land for five
years and had reasonable opportunity to discover the facts for more
than three years prior to the commencement of the action.

Appeal from a judgment of the superior court for Stevens
county, Linn, J., entered November 26, 1915, upon sustain-
ing a demurrer to the complaint, dismissing an action for
fraud.   Affirmed.

*L. C. Jesseph*, for appellants.
*Rochford & Wilson*, for respondents.

BAUSMAN, J.—This is an action in damages for fraudu-
lent representations to plaintiffs, purchasers of land.   The
case comes here upon demurrer sustained to a complaint re-
lating that, in February, 1910, plaintiffs, of Spokane, un-
familiar with Stevens county, were induced by defendants to
purchase there two tracts. Examining the larger, they found
it low, wet, swampy, and of little value unless drained, but
of its soil they could not then on account of snow make ex-
amination.   Thereupon the defendant husband represented
that this land lay within a drainage district, of which he
was commissioner and for which there was under way a
drainage system sufficient to bring this and other lands to
arable condition and beyond subsequent overflow within the
current year; that the soil, which was from five to fifteen
feet deep, would raise 125 bushels of oats to the acre with

[1]Reported in 159 Pac. 701.

freedom from frost besides. At the same time, he exhibited a map of the drainage project with its plans of public record. On these things plaintiffs relied, paying $16,000, part in cash and part by mortgage, and immediately taking possession.

The land had proved entirely too shallow, raised but twenty-five bushels of oats to the acre, and suffers heavy frosts, while since 1911, when the drainage system was constructed, there has been an overflow of from one to three feet, lasting until June and rendering the land so unfit for cultivation that it is worth not above $6,000. Allegations follow of wilful falsity in the representations. However, it is not denied that a system was installed, nor is it asserted that anything was done to prevent plaintiffs from making their own estimates from the public plans or of procuring the views of engineers or others experienced in drainage. Finally, the complaint conceded that, when the purchase mortgage was foreclosed, plaintiffs made no defense, but suffered the land to be sold.

A cause of action on this showing is doubtful indeed, but the statute of limitations, at all events, was properly invoked. This suit was not begun until April, 1915, yet plaintiffs have been living on the land since the early part of 1910. To be sure, they relate that it was not until May or June, 1912, that they discovered the fraud, but this is an idle assertion, even if we should consider the representations more than mere estimates or opinions. Plaintiffs had a fair chance more than three years before suit to test the soil, and as for the drainage system, they could, even as early as the autumn of 1911, view that installed. It will not do to say that they did not sooner have reasonable opportunity to discover the fraud they complain of, and if they did have reasonable opportunity, they are barred by the interpretation we have long placed upon § 159 of Rem. & Bal. Code, respecting the three-year period after discovery of a fraud. *Deering v. Holcomb*, 26 Wash. 588, 67 Pac. 240, 561, fol-

lowed in *Irwin v. Holbrook*, 32 Wash. 349, 73 Pac. 360, and *McDonald v. McDougall*, 86 Wash. 339, 150 Pac. 625.

What was said in the *Holbrook* case may well be said here, that plaintiff was living where these things occurred, had easy access to the sources of information, and was of ordinary intelligence. He had every reason to make investigation promptly, and not a single means of finding out things for himself was withheld from him.

Judgment affirmed.

MORRIS, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.