[No. 16877. Department Two. March 24, 1922.]

CLAUDE E. IMUS et al., Appellants, v. W. C. REEDER and REEDER INVESTMENT COMPANY, Respondents.[1]

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered January 3, 1921, upon granting a nonsuit, dismissing an action for fraud, tried to the court and a jury. Affirmed.

Charles P. Lund and Dodds & Dodds, for appellants.

Wm. O. Lewis, for respondents.

MACKINTOSH, J.—In 1910, the appellants purchased from the respondent corporation 2,000 shares of capital stock in an irrigation and power company, and gave in exchange therefor certain property. This is an action to recover the value of that property, upon allegations of fraud, it being alleged that the respondents induced the sale by misrepresentations of the value of the stock, the assets of the company, and the property owned by it, and false statements as to what it intended to do in the way of constructing a dam and putting water upon land in the vicinity. The action was begun in November, 1919. The answer was a general denial and an affirmative allegation that the suit is barred by the statute of limitations. The case was tried before a court and jury. At the end of plaintiffs' case, the defendants made a motion to dismiss upon the ground that the testimony did not establish the defendants had made any fraudulent representations or misrepresentations, and on the further ground that, if any false statements were made, they were by way of being expressions of expectation of what might be accomplished in the future; and third, that the action had been barred by the statute of limitations, which provides that actions for misrepresentations and fraud shall be brought within three years. Section 159, Rem. Code (P. C. § 8166). The motion for dismissal was granted and judgment was entered in favor of defendants.

In passing upon the motion to dismiss, the court evidently based his ruling upon the question of the statute of limitations. The appellants argue that there was sufficient evidence in the case to make that a question of fact for the jury to determine, and they cite McDonald v. McDougall, 86 Wash. 339, 150 Pac. 625, arguing that that case holds it to be a question of fact for the jury to determine whether or not the plaintiff knew, or should have known, that he had been defrauded, more than three years prior to the beginning of the action.

"If he did know, or if he should have known, as a person reasonably diligent in looking after his affairs, he is now too late to maintain the action."

[1] Reported in 205 Pac. 380.

Of course, if the converse is true, the action is timely brought.

If the question of the statute of limitations were the only question upon which the motion to dismiss was based there might be some need of going minutely into the evidence on the question whether the appellants, under all the circumstances, should be held to have had notice of what they now allege to have been fraudulent conduct within three years before they began their action, and to determine whether the evidence against it was so conclusive as to warrant the court in holding, as a matter of law, that they were barred; but, under the facts of this case, it is unnecessary to determine this question, for a careful reading of them is conclusive, to our mind, that the testimony totally failed to establish any misrepresentations or fraud which are actionable. A recitation of these facts is needless, as they are of no interest except to the parties litigant, and can serve no useful purpose in future controversies between other parties. We will satisfy ourselves with this statement and affirm the judgment.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.