[No. 21011. Department Two. March 27, 1928.]

E. J. HAWKINS et al., *Appellants*, v. C. A. BUTTON et al., *Respondents*.[1]

[1] LIMITATION OF ACTIONS (57)—FRAUD—DISCOVERY. Knowledge by *cestuis que trustent* of fraud upon the part of their trustee is sufficient to start the running of the statute of limitations against action on their part to enforce any liability against the trustee.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered March 31, 1927, upon findings in favor of the defendants, in an action for an accounting and for the cancellation of a chattel mortgage, tried to the court. Affirmed.

*Miller, Wilkinson & Miller,* for appellants.
*Bates & Burnett,* for respondents.

HOLCOMB, J.—Shortly after the institution of foreclosure of a chattel mortgage by giving notice of sale through the office of the sheriff of Clark county, on

[1]Reported in 265 Pac. 479.

April 12, 1926, appellants, as plaintiffs, commenced this action in the superior court for Clark county, made the sheriff a party, deposited $1,600 in court, and secured an injunction restraining the sale.

The amended complaint of appellants alleges substantially these facts:

That La Center State Bank, a corporation, was the real party in interest as to the chattel mortgage attempted to be .foreclosed by respondent Button, in place of Button; that appellants had overpaid the mortgage.in the sum of $46.17; that on March 1, 1922, appellants being then indebted to the La Center State Bank in the sum of $2,050, found it necessary to increase the. amount of their indebtedness to the sum of $4,200, for the purpose of paying creditors whose claims had been incurred in connection with the former drug store operated by appellants at Kalama; that, at the time of the making of the mortgage of $4,200, the sum of $2,150 was kept by respondents Button and the State Bank to pay those creditors, with the understanding with Button that, if any amount could be saved, such amount as was saved would be credited upon the $4,200 note and mortgage; that the sum of $803 was all that Button or the State Bank paid upon the claims against appellants, and that appellants were entitled to a credit of $1,346.17; that they were unaware that they had not received such credit until shortly before the foreclosure proceedings were instituted. It is further alleged that appellants are entitled to an accounting with Button and the State Bank.

As a second cause of action, appellants allege damages because of the unjustified and unwarranted closing of their business through the foreclosure proceedings, and demanded $500 damages.

For answer, the respondents deny the whole of the amended complaint of appellants, except the execu-

tion of the $4,200 note, and severally allege that there is a balance due of $1,300, pray for the dismissal of appellants' complaint and for a judgment for $1,300, besides interest, costs and $130 attorney's fee. They also plead the three-year statute of limitations as to appellants' causes of action.

The La Center State Bank made general denial and prayed that the action be dismissed.

By reply, appellants denied the new matter set out in the affirmative defense of respondent Button.

After hearing the case, the trial court made findings substantially as follows:

That there was a balance due of $1,300 on the mortgage involved from appellants to respondent Button, with interest from February 22, 1926, at eight per cent; that $130 was a reasonable sum and should be allowed as attorney's fee; dismissed the action of appellants as against the bank; found that Button received the money from appellants with the understanding that he would pay the claims incurred in the operation of the Kalama drug store, upon the most advantageous terms possible, and credit appellants' note with the difference between the face of the note and the amount expended by him in the settlement of the claims. The court declined to make any finding as to what agreement was made between appellants and respondents, but did find that appellants received the information concerning the settlement of fifty cents on the dollar in the month of April, 1922, and that more than three years had elapsed before the commencement of the action; it was also found that appellants became aware, more than three years prior to the commencement of their action, that they had received no credit upon the note.

In conformity with the foregoing findings, the court concluded that appellants' first cause of action should

be dismissed, that their second cause of action, being dependent upon the first, is also barred, and decreed that respondent Button had the right of foreclosure, and granted judgment in the sum of $1,300 and for costs and $130 attorney's fee.

While four errors are assigned by appellants, they all devolve upon the question of whether the statute of limitations applies to their causes of action; and whether, on the facts shown in the record, the statute of limitations should apply.

While there is substantial evidence on behalf of appellants to the effect that such contract was made as is alleged in the amended complaint, there is also evidence to the contrary on behalf of respondents. Inasmuch as the agreement relied upon by respondent Button was a harsh and grasping one, to say the least, whereby he would receive a profit for his services in expending the moneys borrowed by appellants to pay off their indebtedness in a sum equal to, or a little greater than, the amount of the indebtedness paid off by him, we should say that the probabilities rather incline to establish a contract as alleged by appellants. But the court, after having heard both parties, refused to make a finding upon that question. The court did, nevertheless, make a finding that (regardless of what agreement existed between the parties) Button informed appellants, in April, 1922, that he had paid off the indebtedness of appellants out of the loan made by respondents to appellants for fifty cents on the dollar. It was further found that appellants were aware of these settlements.

Since the evidence in the record shows that appellants received bank statements every month from respondents from the time that the chattel mortgage was given and the arrangement made for settlement

of the indebtedness of appellants, there is some independent corroboration of the testimony of respondents that appellants were informed more than three years prior to the commencement of their action that respondents had settled their indebtedness for fifty cents on the dollar, and that they received no credit upon the note for the difference between the amount paid to the creditors of appellants and the amount of the loan.

Appellants testified, and insist, that they never received any notice from respondent Button, until about October, 1925, that respondents would not allow any such credit as above mentioned. On the contrary, respondents testified just as positively that appellant Hawkins was so informed in April, 1922.

The evidence being in conflict, and the trial court having found that appellants were notified by respondents in April, 1922, we are unable to say that the evidence preponderates in favor of appellants contrary to the findings of the court. It must be remembered that the burden of proof is upon appellants to establish their case, and that, failing to meet that burden, they have not made out a case.

[1] It being therefore established as a fact, as found by the trial court, that appellants had such notice in April, 1922, from respondent Button, who was, up to that time, their trustee for the purpose of paying their creditors out of the loan made by respondents to appellants, there was then an adverse claim set up by their hitherto trustee, upon which they were bound to act within the statutory period of limitations against their former trustee, even though there was fraud upon his part, or be held negligent. *Deering v. Holcomb*, 26 Wash. 588, 67 Pac. 240, 561; *Irwin v. Holbrook*, 32 Wash. 349, 73 Pac. 360; *Hotchkin v. McNaught-Collins Improvement Co.*, 102 Wash. 161, 172

Pac. 864; *Davis v. Rogers,* 128 Wash.- 231, 222 Pac. 499.

Upon a review of all the facts in the record, we view the case, as did the trial court, as being practically controlled by the decisions in *Deering v. Holcomb* and *Irwin v. Holbrook, supra,* and are therefore unable to disturb the decree. Affirmed.

MACKINTOSH, C. J., and FULLERTON, ASKREN, and MAIN, JJ., concur.