[No. 23631.   Department Two.   June 20, 1932.]

W. E. DOOLEY, *Appellant,* v. A. B. MESHER *et al.,*
*Respondents.*[1]

*Hazel & LeClair,* for appellant.

*S. H. Kelleran,* for respondents.

MAIN, J.—In the complaint in this case, there are
two causes of action, separately stated. The first is
based upon a written contract for the payment of a
commission upon the exchange of real estate; the sec-
ond for money expended for an abstract. The trial was
to the court without a jury, and resulted in findings

[1]Reported in 12 P. (2d) 406.

of fact from which it was concluded that the plaintiff was not entitled to recover upon the first cause of action, but should have recovery upon the second. Judgment was entered in accordance therewith in favor of the defendant upon the first cause of action, and in favor of the plaintiff upon the second, from which the plaintiff alone appeals.

The facts may be summarized as follows: The appellant, W. E. Dooley, was a duly licensed real estate broker, with offices in the city of Seattle. A. B. Mesher and wife were the owners of an apartment house in that city. W. B. Satterlee and wife were the owners of a tract of land in Jefferson county which is referred to as the Linger Longer Lodge property. The appellant, as real estate broker, brought the owners of the respective properties together, and an exchange was effected. March 1, 1930, a written contract was entered into covering the exchange, which contract was signed by Mr. and Mrs. Mesher and Mr. and Mrs. Satterlee, but was not signed by the appellant. In that contract, it was provided that Mr. and Mrs. Satterlee should pay the appellant a broker's commission of one thousand dollars, and Mr. and Mrs. Mesher two thousand dollars. The contract did not fix the date of payment.

March 12, 1930, the appellant, as party of the first part, and Mr. and Mrs. Mesher, as parties of the second part, entered into a written contract, which was signed by them. This contract, after reciting the exchange, and the fact that Mr. and Mrs. Mesher had theretofore agreed to pay Dooley a commission of two thousand dollars for negotiating the exchange, provided that this commission should be paid when the party of the first part, Dooley, should "negotiate a sale for the property known as Linger Longer Lodge and

furnishings.'' There was a further provision that Mr. and Mrs. Mesher would give to Dooley

'' . . . an exclusive listing for the sale of the above described property known as Linger Longer Lodge, in accordance with the terms of the listing contract, copy of which is herein incorporated.''

The listing contract provided that Dooley, ''for a period of six months from the date hereof and thereafter until withdrawn by ten (10) days written notice,'' be given

'' . . . the exclusive right to sell said property [Linger Longer Lodge], and we agree to convey the same, or cause the same to be conveyed, by good and sufficient warranty deed, to the person or persons designated by W. E. Dooley.''

The present action was begun on or about October 17, 1930, approximately seven months after the contract of March 12 and the exclusive listing agreement were signed by Dooley and Mr. and Mrs. Mesher. At the time the action was begun, Linger Longer Lodge had not been sold under the listing, and the exclusive listing contract had not been terminated. The appellant's action for the recovery of the commission was based solely upon the contract of March 1, 1930, which he did not sign, but which expressly provided for the commission as above stated. The answer denied that the commission was ''due and owing'' to the appellant, and pleaded three affirmative defenses.

At the opening of the trial, the appellant moved for judgment on the pleadings and demurred to the answer, and now first contends that the trial court erred in not granting the motion and sustaining the demurrer. It is apparently the theory of the appellant that the affirmative defenses are inconsistent with the denial in the answer, and that therefore no issue was presented. As stated, the appellant pleaded the

written contract of March 1, and attached a copy thereof to the complaint, and in paragraph 4 alleged that demand had been made for the payment of the commission which had been refused, and that there was "now due and owing the plaintiff from the defendants the sum of two thousand dollars." In answering the complaint, the respondents admitted the demand for the payment of two thousand dollars and the refusal to pay the same, and particularly denied "that there is due and owing from the plaintiff to the defendants the sum of two thousand dollars, or any other sum."

In the first affirmative defense, it is alleged that the written contract of March 1 did not evidence the true agreement between the parties, and that the respondents were induced to sign the same by fraudulent representations made by the appellant. In the second affirmative defense, the contract of March 12, above mentioned, was pleaded and a copy thereof attached as an exhibit. In the third affirmative defense, it was alleged that, subsequent to the making of the contract of March 1, and on March 12, the parties making the exchange had modified that agreement and the modified schedules were attached as exhibits.

The theory of the complaint was that the two thousand dollars commission was due and owing, and, as stated, the action was based on the written contract of March 1. The theory of the answer was that, while the respondents were owing the appellant the sum of two thousand dollars for a commission, it was not yet due and payable, because the property had not been sold under the contract of March 12 and the listing agreement. We see no inconsistency in fact between the denial that the two thousand dollars was not due and owing and the pleading affirmatively that the respondents owed the two thousand dollars, but that the same was not due and payable until the conditions pro-

vided for in the agreement of March 12 and the listing agreement were complied with. Defenses are inconsistent only when one in fact contradicts the other. *Seattle National Bank v. Carter,* 13 Wash. 281, 43 Pac. 331, 48 L. R. A. 177; *Irwin v. Holbrook,* 32 Wash. 349, 73 Pac. 360. The trial court did not err in overruling a demurrer to the affirmative defenses in the answer and denying the motion for judgment on the pleadings.

The appellant's other contention is that the findings of fact, conclusions of law and judgment ''are not supported by the evidence, and are contrary to the legal effect of the pleadings, and the court erred in the admission of parol testimony.'' So far as the disposition of this case is concerned, the first affirmative defense and the evidence offered in support thereof may be disregarded as immaterial. The thing which stands in the way of the recovery of the appellant at this time is the agreement of March 12 made between him and the respondents, and the listing agreement which, as above stated, has not been terminated and the property has not been sold. Under that contract and listing agreement, before he could have a recovery, it was necessary that the conditions there provided for should be performed.

There is some contention that, even though the appellant based his action upon one contract and the respondents pleaded in defense another, he is nevertheless entitled to recover because Mr. Mesher, by attempting to sell the property himself and conferring with other real estate brokers with reference thereto, had prevented a sale by the appellant. Assuming, without deciding that, under the pleadings, this question is open for consideration, it will not avail the appellant. Without detailing the evidence, but after having given it diligent consideration, we are of the opinion that it cannot be held that the sale of the

456

Linger Longer Lodge property by the appellant was prevented by anything that Mr. Mesher may have done.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.