[No. 11509. Department One. May 16, 1914.]

JOSEPH TOUPIN, *Respondent*, v. KENT LUMBER COMPANY, *Appellant*.[1]

APPEAL—DECISION — LAW OF CASE — SIMILARITY OF EVIDENCE. Where, on a former appeal, it was held that the negligence of the defendant in locating a signalman so far from the plaintiff that he could not hear the signals was a question for the jury, the same becomes the law of the case and conclusive on a second appeal, where there was evidence, substantially the same at both trials, to the effect that the signalman should not have been more than 250 feet distant, although at the first trial the actual distance was given at 1,000 feet, while at the second trial it was given as 700 or 800 feet; since the variance was not material.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $2,500 for personal injuries is not excessive, where the plaintiff sustained a severe fracture of the thigh bone which shortened the leg one and one-half inches, he was confined to the hospital for over six months, and evidence as to the extent of his injuries was conflicting.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered March 8, 1913, upon the

[1]Reported in 140 Pac. 903.

verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a logging camp. Affirmed.

*Milo A. Root,* for appellant.

*Willett & Oleson,* for respondent.

CROW, C. J.—This action, which was commenced by Joseph Toupin against Kent Lumber Company, a corporation, to recover damages for personal injuries, is now before us on second appeal. On the first trial, a challenge was sustained to the sufficiency of plaintiff's evidence, and the cause was dismissed. Upon plaintiff's appeal, the judgment of the superior court was reversed, this court holding that the evidence made a case for the consideration of the jury. After remittitur, a new trial was had, which resulted in a verdict and judgment in plaintiff's favor, from which the defendant prosecutes the present appeal.

A complete statement of the case may be found in our former opinion, 66 Wash. 594, 120 Pac. 100. As the plaintiff was appellant on the former appeal, and the defendant is now the appellant, we will avoid confusion by referring to them as plaintiff and defendant.

The defendant now insists that the trial court should have sustained its motion for a directed verdict at the close of all the evidence for the reason that no negligence upon its part was shown; that the plaintiff assumed the risk; that the accident was caused by plaintiff's negligence, and by the negligence of his fellow servant. Calling attention to the fact that the former appeal was heard on plaintiff's evidence only, and that we now have before us the evidence of both parties, defendant insists that the present record does not disclose as strong a case on plaintiff's behalf as was presented on the former appeal. We have carefully read the entire record, including all the evidence, which is voluminous, and are convinced that no material variance appears between

the facts disclosed by plaintiff's evidence on the former appeal and those shown upon this appeal. In making this statement, we are not unmindful of the fact that, as to the distance between the donkey engine and the place where plaintiff was employed as a rigging slinger, there is some variance in the evidence of plaintiff's witnesses. On the former appeal, their testimony was that the distance mentioned was about one thousand feet, while on the last trial their testimony was that the distance was between seven and eight hundred feet. This discrepancy was explained by statements of plaintiff's witnesses to the effect that, prior to the first trial, no exact measurements had been made, but that such measurements were made prior to the second trial. The discrepancy mentioned we do not regard as material. The vital point involved on both trials was whether the signalman was located so far from the plaintiff that he could not hear plaintiff's signals given while the donkey engine was working. The evidence on both trials was that the signalman should not have been located more than one hundred and fifty or two hundred feet from the plaintiff, but that he was much further away. If the case should have been submitted to the jury on the first trial, it was properly submitted upon the second trial. The law of the case was determined upon the first appeal, and necessarily controlled the action of the trial court upon the second hearing. An examination of defendant's briefs upon the first appeal discloses the fact that it made the same contentions which it now makes. Having heretofore held that the case was for the jury, and the additional evidence now before us failing to disclose anything further than a conflict, we are controlled by the law of the case as announced in our former opinion, and necessarily conclude that the verdict cannot be disturbed.

Defendant further contends that the verdict and judgment are excessive. The jury awarded $2,500 damages. The evidence shows, and it is conceded, that plaintiff sustained a severe fracture of the thigh bone of his left leg; that he was

confined in a hospital for six months; and that the injured leg has been shortened at least one and a half inches. Further evidence as to the extent of his injuries is conflicting. On the record before us, we are unable to conclude that the verdict is excessive.

The judgment is affirmed.

MAIN, ELLIS, and GOSE, JJ., concur.