[No. 13904.   Department One.   November 9, 1917.]

D. V. McDONALD, *Appellant*, v. ROBERT JOHN CAMERON, *as Executor, etc., Respondent.*[1]

APPEAL—DECISION—LAW OF CASE.   A decision on a former appeal that, upon certain testimony, the° question was one of fact for the jury, becomes the law of the case and is conclusive upon a second trial in which the testimony was practically the same.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 6, 1916, upon the verdict of a jury rendered in favor of the defendant, in an action for tort.   Affirmed.

*Karr & Gregory,* for appellant.

*Wilson R. Gay* and *Tracy E. Griffin,* for respondent.

WEBSTER, J.—This is an action to recover damages for fraud and deceit and is now before this court for the second time.   A full statement of the case will be found in the former opinion and need not be repeated.   *McDonald v. Mc-Dougall*, 86 Wash. 339, 150 Pac. 625.

Upon the retrial in the superior court, all of the issues were submitted to a jury, which returned a verdict in favor of the defendant.   The plaintiff appeals, assigning as error the refusal of the court to grant his motion for judgment notwithstanding the verdict.   No fault is found with the instructions.   It is not claimed that error was committed in receiving or rejecting evidence, nor that the court abused its

[1]Reported in 168 Pac. 462.

discretion in denying a new trial. The sole contention urged in behalf of plaintiff is that the defendant failed to introduce any substantial evidence tending to contradict the plaintiff's version of the transaction, and that judgment as prayed in the complaint should have been entered by the court, as a matter of law. That this position cannot be sustained, is manifest at the very threshold. By reference to the former opinion, it will be seen that, in order for the plaintiff to prevail in the action, it was incumbent upon him to establish, not only that the defendant was his agent for the purpose of purchasing the mining stock, as set forth in the complaint, and that as such agent he was guilty of fraud substantially as alleged, but also to prove that the action had been commenced within three years after the discovery of the facts constituting the fraud upon which he relied.

In considering the question of the statute of limitations on the former appeal, the court, through Judge Mount, said:

"It is argued by the appellant with much reason that, because the plaintiff was a director in the corporation after his stock was purchased, he had access to the books of the corporation which showed the prices which other stockholders had paid for their stock, and the price at which plaintiff's stock had been purchased by the defendant. Ordinarily, we think this would be sufficient to put the plaintiff upon notice of what the records of the corporation contained. But the plaintiff in this case testified that he had the utmost confidence in the defendant, that his suspicions had never been aroused to the fact that he had paid more for his stock than other stockholders; that, while he was a director in the corporation, his attention had never been called to the minutes of the corporation which showed the prices at which the stock had been sold; that he had never had actual possession of the minute book or heard the minutes read; and that no notice of the fact that his stock had been purchased at a greater price than other stockholders had paid was brought to him until about December 1, 1913. If these statements are true, and they must be so taken by us in the consideration of this question, we think that, even under the rule as stated above, it was a question for the jury whether or not the

plaintiff, as a reasonably prudent man, was diligent or actually knew, or should have known under the circumstances, the fact that the stock was purchased at a greater price than other stockholders had paid for their stock. We are satisfied, therefore, that this was a question to be submitted to the jury."

An examination of the record now before us discloses that the testimony upon this point at the second trial was practically identical with that introduced at the first trial and which was before the court on the former appeal. Consequently, the law as announced in the former opinion is the law of the case. It having been then decided that the question of when the plaintiff discovered, or should have discovered, the facts constituting the fraud complained of, was one of fact for a jury, the plaintiff cannot now be permitted to insist that it is one of law for the court. *Toupin v. Kent Lumber Co.*, 79 Wash. 605, 140 Pac. 903. This conclusion renders it unnecessary to consider the evidence touching the other issues involved.

We may add, however, that we have carefully examined the record and find that there was substantial evidence introduced by the defendant upon all of the questions in controversy.

Affirmed.

ELLIS, C. J., CHADWICK, MAIN, and MORRIS, JJ., concur.