[No. 8201. *En Banc.* August 1, 1910.]

THOMAS K. JOHNSTONE, *Respondent*, v. I. N. PEYTON *et al.*, *Appellants*.[1]

PROCESS—SUBSTITUTED SERVICE—KNOWLEDGE OF RESIDENCE—JUDG-MENT—VALIDITY. A decree of foreclosure of a mortgage, obtained on publication of a summons mailed to the defendant at Toronto, is void, where the plaintiff knew defendant's address to be at Chicago, and defendant had no knowledge of the suit.

SAME—EVIDENCE—SUFFICIENCY. A finding that the plaintiff in a foreclosure suit instituted in 1903 knew the post office address of the defendant to be at Chicago, will not be disturbed on appeal, where it appears that he had resided there since the execution of the mortgage, except for about six months in 1892, and defendant testified that he and the plaintiff were intimately acquainted for many years and had occasional correspondence and had met in Chicago on several occasions since his return there, although he was flatly contradicted by the defendant.

LIMITATION OF ACTIONS—ACCRUAL—DISCOVERY OF FRAUD—LACHES. An action to set aside a fraudulent judgment of foreclosure is not deemed to have accrued until the discovery of the facts constituting the fraud; and the mortgagor, although extremely dilatory and in default for years, is not barred where he commenced an action to vacate the decree within a few months after discovery of the judgment.

SAME—IMPUTED NOTICE—MORTGAGES—JUDGMENT. Notice of entry of a fraudulent judgment is not imputed to a mortgagor who was in default for several years, especially where he met the mortgagee after the foreclosure, which was not disclosed, although the mortgage indebtedness was the subject of conversation between them.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 15, 1908, upon find-

[1]Reported in 110 Pac. 7.

ings in favor of the plaintiff, in an action to vacate a decree foreclosing a mortgage, after a trial on the merits before the court.   Affirmed.

*Wakefield & Witherspoon,* for appellants.

*W. C. Jones* and *Wm. T. Stoll,* for respondent.

Chadwick, J.—Some time prior to the 1st day of June, 1892, the plaintiff, who was a resident of the city of Chicago, purchased from the defendants, who were residents of the city of Spokane, certain real property in Spokane county.   On the above date the defendants executed a deed of the property thus purchased in favor of the plaintiff, and took back a purchase money mortgage in the sum of $1,675.   On the 25th day of March, 1893, the plaintiff paid to the defendants the sum of $182.75, by check on a Chicago bank, to cover the interest on the mortgage indebtedness up to June 1, 1893, and the 1892 taxes against the mortgaged property.   Since that date no further payments have been made on account of principal, interest, or taxes.

At or about the date of the execution of the mortgage, the plaintiff removed from Chicago to the city of Toronto, and there remained for about six months, after which he returned to the city of Chicago, where he has ever since resided.   On the 28th day of August, 1903, the defendants commenced an action in the superior court of Spokane county to foreclose the above mortgage, and obtained service on the plaintiff herein by publication.   A copy of the summons and complaint was mailed to the plaintiff at Toronto, Canada, as his last known post office address.   A decree of foreclosure was thereafter entered and the property was sold on execution and bid in by the defendants.   The present action was commenced on the 3d day of February, 1908, to vacate and set aside the decree of foreclosure and to redeem the property from the mortgage and foreclosure sale.   This relief was sought upon the ground that the plaintiff herein was a resident of the city of Chicago at the time of the commencement of the fore-

closure action, and that his residence and post office address were well known to the defendants herein. On that issue the court below made the following findings, among others, and entered a decree in accordance with the prayer of the complaint:

"The plaintiff never was a resident of Toronto, Canada, with the exception of about six months in 1892, but for more than ten years prior to the commencement of said action, he was, and ever since has been and still is, a resident of the city of Chicago, state of Illinois.

"During the time between the execution of said mortgage by the plaintiff to the defendant and the attempted foreclosure thereof as hereinbefore set forth, and ever since said foreclosure the defendant I. N. Peyton well knew the residence and post office address of the plaintiff to be in the city of Chicago and state of Illinois.

"The plaintiff and defendant I. N. Peyton have been intimately acquainted with each other for many years, and at all times since the execution of said mortgage they have had occasional correspondence by mail with each other, and the defendant Peyton has on several occasions during said time met the plaintiff in the city of Chicago.

"The plaintiff had no knowledge whatever of the commencement of said foreclosure proceedings or of their pendency until the month of September, 1907, a short time prior to the commencement of this suit."

From this decree the defendants have appealed.

The testimony on the main issue in the case is in direct conflict. The respondent testified that he met the appellant I. N. Peyton in Chicago at different times after his return from Toronto, and before the mortgage foreclosure; that he received letters from Peyton addressed to the city of Chicago between these dates, and that he wrote a number of letters to Peyton from the city of Chicago to which he received no reply. The appellant Peyton, on the other hand, testified directly to the contrary, and while the extreme leniency extended to the respondent by the appellants during all these years rebuts any possible inference of a fraudulent intent on their part, yet we think the court was warranted in finding

from the testimony that the appellants knew, or by the exercise of reasonable diligence should have known, the residence and post office address of the respondent at the time of the commencement of the foreclosure suit, and in view of the conflict in the testimony and the superior opportunities afforded the trial judge for the ascertainment of truth, we must accept his conclusion as final.

The only remaining question in the case is the statute of limitations. The appellants contend that this was an action for relief on the ground of fraud, that the limitation for such action is three years, and that the present action was not commenced within the time limited by law. Conceding that the three-year limitation is applicable here, the cause of action is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud, and the testimony shows that the respondent had no notice of the judgment or sale until a few months prior to the commencement of the present action. Nor do we think that notice of the entry of the judgment should be imputed to him, especially in view of the fact that he met the appellant I. N. Peyton in the city of Chicago after the entry of the judgment, and the fact of the foreclosure of the mortgage was not disclosed to him, although the subject-matter of their conversation was the mortgage indebtedness and called for such a disclosure on his part. This meeting was denied by Peyton, but for reasons already stated we must accept the findings of the court below on this point also. It must be conceded that the respondent has been exceedingly dilatory and neglectful, but his equity in the mortgaged property could only be cut off by a legal foreclosure of the mortgage or by the statute of limitations, and for reasons already stated he is barred by neither.

The judgment is therefore affirmed.

RUDKIN, C. J., FULLERTON, PARKER, DUNBAR, MORRIS, and GOSE, JJ., concur.