[No. 17754. Department Two. January 29, 1923.]

THE STATE OF WASHINGTON, *on the Relation of Lynn R. Cole, Plaintiff,* v. BRUCE BLAKE, *as Judge of the Superior Court for King County, Respondent.*[1]

JUDGMENT (102, 118)—VACATION—WANT OF PROCESS—APPLICATION —NATURE AND FORM. Obtaining a default judgment by giving, and mailing summons to, a wrong address, constitutes "an irregularity in obtaining the judgment," within Rem. Comp. Stat., § 466, authorizing the court to set aside the judgment upon motion.

Application filed in the supreme court December 22, 1922, for a writ of prohibition to prevent the superior court for King county, Blake, J., from entering an order vacating a judgment. Denied.

*John J. Sullivan* and *V. G. Frost,* for relator.

PEMBERTON, J.—The relator, Lynn R. Cole, filed an action in the superior court of King county against Mabel M. Cole for divorce. The complaint was filed on November 19, 1920. Judgment granting the divorce was entered on February 20, 1921.

On February 20, 1922, the defendant, Mabel M. Cole, filed a motion to vacate the judgment, a portion of the motion being as follows:

[1]Reported in 212 Pac. 549.

"That the decree of divorce entered herein on February 10, 1921, was based upon publication of summons and was secured by fraud, practiced by plaintiff upon the court and upon the defendant herein in obtaining said judgment or decree; that plaintiff made the false affidavit in giving the address of defendant as General Delivery, Winnipeg, Manitoba, Canada, whereas in truth and in fact the residence address of defendant was well known to plaintiff herein.

"That defendant herein was prevented from defending said action by the conduct and action of the plaintiff in not mailing her at her known address, a copy of the summons and complaint herein; that defendant had no knowledge or belief or any information of any kind that plaintiff had sued her for divorce until December, 1921."

On December 15, the case came on for trial, and at the opening of the case, for the first time, the relator objected to the court proceeding with the hearing, on the ground that the application was not verified, and upon the ground that the court was without jurisdiction to vacate the decree. Thereupon the defendant asked, and the court granted, leave to amend the application, and the defendant filed her amended verified application.

Over the objection of relator, the court proceeded with the trial, and entered certain findings of fact and conclusions of law, a portion of the findings being as follows:

"That the decree of divorce entered herein on February 10, 1921, was based upon publication of summons and was secured by fraud practiced by plaintiff upon the court and upon the defendant herein in obtaining said judgment or decree; that plaintiff made a false affidavit in giving the address of defendant as General Delivery, Winnipeg, Manitoba, Canada, whereas in truth and in fact the residence address of defendant in said city was well known to plaintiff herein.

"That defendant herein was prevented from defending said action by the conduct and action of the plaintiff in not mailing her at her known address a copy of the summons and complaint herein; that defendant never received said summons and complaint mailed by plaintiff nor any other summons and complaint nor any process at all; that defendant had no knowledge or belief or any information of any kind that plaintiff had sued her for divorce until September, 1921.

"That the decree entered herein is null and void, same having been obtained without service of process."

Relator has filed his petition in this court asking for a writ of prohibition restraining respondent from entering an order vacating the judgment, and contends that the application of the defendant to vacate the judgment must be by verified petition, under §§ 467 and 468 of Rem. Comp. Stat., and that defendant's application to vacate the judgment is under subd. 4, § 464, Rem. Comp. Stat., which gives the following as one of the causes for the vacation or modification of judgments:

"For fraud practiced by the successful party in obtaining the judgment or order."

Relator further contends that the court was without jurisdiction to vacate the judgment upon the amended petition, it not having been filed within the year.

Respondent contends that it was not necessary to file a petition, that the filing of a motion to set aside the judgment is the proper method under § 466 of Rem. Comp. Stat., reading as follows:

"The proceedings to vacate or modify a judgment or order for mistakes or omissions of the clerk, or irregularity in obtaining the judgment or order, shall be by motion served on the adverse party, or on his attorney in the action, and within one year."

Respondent contends that the mailing of the summons to the wrong address of defendant was an irregularity under this section.

In the case of *Dane v. Daniel,* 28 Wash. 155, 68 Pac. 446, the court held that a judgment obtained without service on both the husband and wife in the foreclosure of a mortgage against community real pro-. perty was void and the proper remedy to have the same vacated was by motion.

It is also held in *Chehalis Coal Co. v. Laisure,* 97 Wash. 422, 166 Pac. 1158, that lack of such service may be shown by evidence *de hors* the judgment, wherein the court held:

"It must, of course, be conceded that a proceeding by motion or petition under the statute (Rem. Code, §§ 303, 464) to set aside a judgment is a direct and not a collateral attack on the judgment. This court is also committed to the doctrine that, in *proceedings under the. statute* by petition or motion to set aside a judgment obtained without jurisdiction, i.e., without legal service of process, the lack of such service may be shown by evidence *de hors* the judgment roll, and in such a case no other showing is required; that, this being shown, the judgment is void and the court has the inherent power to clear its record of the void judgment, and that no affidavit or showing of merits in such a case is necessary. *Lushington v. Seattle Auto & Driving Club,* and *Sakai v. Keeley, supra; Wheeler v. Moore,* 10 Wash. 309, 38 Pac. 1053; *Bennett v. Supreme Tent etc. Maccabees, supra; Dane v. Daniels,* 28 Wash. 155, 68 Pac. 446."

This court has held in the case of *Johnstone v. Peyton,* 59 Wash. 436, 110 Pac. 7, that the decree of foreclosure of a mortgage obtained on publication of a summons mailed to the defendant at Toronto is void where the plaintiff knew defendant's address to be at Chicago and the defendant had no knowledge of the suit.

"Jurisdictional Defects—a. Want of, or Irregularity in, Process, Service, or Notice. It is good ground for vacating or opening a judgment that defendant had no notice of the action, either because of a failure to serve him with process, or because the process or service was fatally irregular or defective. And this rule includes cases where the summons was missent by mail . . ." 23 Cyc. 913.

It would appear that the entry of a judgment without the service of process prevents the defendant defending against the suit and constitutes an irregularity in obtaining the judgment, and the same may be set aside by motion under § 466.

Writ denied.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.