[No. 20051. Department One. January 24, 1927.]

## C. G. SANDERS et al., Respondents, v. GERTRUDE SHEETS, Appellant.[1]

[1] LIMITATION OF ACTIONS (57)—DISCOVERY OF FRAUD—WANT OF DILIGENCE. The statute of limitations against an action based on the ground of fraud and commencing to run on the discovery of the fraud, is not tolled by plaintiff's failure to discover the fraud, where the facts should have been discovered by one exercising reasonable diligence.

[2] PLEADING (5)—FORM AND ALLEGATIONS—MATTERS OF FACT OR CONCLUSIONS. Evidence is properly excluded as to an affirmative defense alleging the conclusion that the plaintiff did not assume a mortgage, where a fair interpretation of the contract set out is that she did assume the mortgage.

[3] JUDGMENT (196-1)—PERSONS CONCLUDED—PARTIES OF RECORD—CO-PARTIES. In a foreclosure action, the fact that no deficiency judgment was taken against defendant who had assumed the mortgage is not res judicata of her liability to others, made parties to the suit, who were not adverse therein.

Appeal from a judgment of the superior court for King county, Frater, J., entered March 20, 1926, upon findings in favor of the plaintiffs, in an action on contract, tried to the court. Affirmed.

*C. J. Smith,* for appellant.

*Wright & Catlett,* for respondents.

[1]Reported in 252 Pac. 531.

MITCHELL, J.—In February, 1920, C. G. Sanders and wife, owners of certain real estate in Seattle, mortgaged it to secure the payment of a promissory note to George S. Kahin, reciting in the mortgage the terms of the note. The mortgage was promptly recorded. On March 4, 1920, Sanders and wife entered into a real estate contract with Gertrude Sheets by which they, as parties of the first part, agreed to sell the property to her, the party of the second part. Among other things, the contract which was signed by Gertrude Sheets provided as follows:

"The balance of said purchase price, the sum of $2,750 of which the sum of $1,500 is a first mortgage, executed by first parties herein to one George H. Kahin, payable three years after the 24th day of February, 1920, is to be assumed by the said party of the second part as part of the purchase price, on condition that in the event it should become necessary for the said party of the second part to have said mortgage extended or renewed, that the said parties of the first part shall, and it is hereby agreed by them, that in such event they will join in the execution of such extension or agreement, the cost of which shall be equally divided between the vendor and vendee."

Thereafter Sanders and wife sold the property to a third party. Mr. Kahin, the mortgagee, foreclosed the mortgage, joining Sanders and wife, Gertrude Sheets and others as defendants. In that action, Sanders and wife defaulted. Gertrude Sheets filed an answer. The judgment therein was against Sanders and wife for the total amount of the note and mortgage; it ordered the mortgaged property to be sold and provided for a deficiency judgment. It contained no money judgment nor provision for any deficiency judgment against Gertrude Sheets. The property was sold, leaving a deficiency judgment against Sanders and wife, which they paid and then instituted the present

action against Gertrude Sheets to recover the amount of the deficiency judgment, $350.45 with interest. They recovered judgment, from which the defendant has appealed.

[1] The first assignment is that the court erred in sustaining a general demurrer and one raising the statute of limitations to appellant's cross-complaint. In the cross-complaint filed September 14, 1925, she charged respondents with false representations in making the sale of the property to her. In effect, she alleged that she was told falsely that the building on the lot was erected on a good substantial foundation; that it was connected to a six inch water main, and had an alley on the rear of it; and that when the outstanding mortgage matured she found, contrary to the representations of the appellant, that she could not get a renewal of it. She further alleged that then she tried to sell her interest in the property, when for the first time she was advised by a prospective purchaser upon his inspection of the premises of the true condition of the premises and the alleged false representations of the appellants in making the sale. She alleged in the pleading that, from the date of her contract of purchase, she had at all times used the property and building thereon for storing furniture. There is no allegation that the appellants or either of them persuaded, or attempted to persuade, her from inspecting the premises and building, or that during the five years she had possession she could not have easily ascertained the condition of the property as well so as did her prospective purchaser. Nor is there any allegation or pretense that she ever made any claim or charge of having been misled or deceived by the appellants during the two years intervening between the date of her alleged discovery and the filing of her cross-complaint,

or at all until the making of the cross-complaint, more than five years after she bought and took possession of the property. In the meantime, according to her pleading in another respect, she promptly redeemed the property from the mortgage foreclosure sale. Her agreement for the purchase of the property described the property as it is shown upon the official plat filed and recorded in the county auditor's office.

In cases of this kind, the statute of limitations will not be tolled when the facts should have been discovered by one exercising reasonable diligence, or were made a matter of public record. In *Davis v. Rogers,* 128 Wash. 231, 222 Pac. 499, after speaking of the general rule that the statute does not begin to run until discovery of the fraud, we said:

"This rule, however, is itself subject to a modification, and that is, that the defrauded party cannot be heard to say that he has not discovered the facts showing the fraud within the limit of the statute if the facts should have been discovered prior to that time by anyone exercising a reasonable amount of diligence."

To the same effect see *Noyes v. Parsons,* 104 Wash. 594, 177 Pac. 651, and *Teeter v. Brown,* 130 Wash. 506, 228 Pac. 291. The case we have just quoted from, like the others just referred to, lays down the rule which we think is applicable and controlling here, and refers to and distinguishes most of the cases cited and relied on by the appellant. The demurrer to the cross-complaint was properly sustained.

[2] Nor was there any error in sustaining objections to testimony in support of the first affirmative defense, so-called. The allegations of that defense were that she had made the contract of purchase, and then, setting up the provision in it which we have hereinbefore quoted, she alleged that she did not assume the mortgage. The pleading was nothing more than a con-

clusion on her part that could be insisted upon as well without any affirmative pleading, and besides we think that a fair, reasonable interpretation of the language in question is that she did assume the mortgage indebtedness as a part of the purchase price she agreed to pay the appellants for the property.

[3] In a second affirmative defense, she alleged the mortgage foreclosure suit by Mr. Kahin and her answer thereto in which she set up her contract of purchase with these appellants; that appellants were defendants in that suit; and that George Kahin took no deficiency judgment against her; and that therefore the judgment in that case was *res adjudicata* in her favor against appellants in the present action. The answer to that contention is that the parties to the present action, though defendants in that suit, were not adversaries therein. They did not cross-plead.

The remaining assignments of error question the findings and conclusions signed and entered by the trial court and the refusal on the part of the court to make those requested by the appellant. They go to the facts of the case as proven on the trial, concerning which we are satisfied upon an examination of the evidence that they clearly preponderate in favor of those made, which in turn support the judgment.

Affirmed.

FULLERTON, TOLMAN, and MAIN, JJ., concur.