[No. 35245. Department One. May 12, 1960.]

JAMES B. STRONG, *as Trustee in Bankruptcy, Appellant,* v. WALTER R. CLARK *et al., Respondents.*[1]

[1] Reported in 352 P. (2d) 183.

*Milne & Box* and *Kimball & Clark,* for appellant.

*Collins & White,* for respondents.

OTT, J.—February 19, 1952, Thomas Logan Clark and Phyllis E. Clark, his wife, entered into a written lease of 1,640 acres of farm and grazing land in Grant county to Walter R. Clark and Marie Clark, his wife, for a term of five years. One third of the crops raised each year was to be delivered to market as the owners' rental. The lease contained a renewal provision for an additional five-year term. It also gave to the tenants an option to purchase the property for one thousand dollars, after crop rentals totaling thirty-four thousand dollars in value had been paid to the owners. The document, entitled "FARM LEASE AND OPTION TO PURCHASE," was recorded in the office of the county auditor for Grant county on March 20, 1952.

August 15, 1956, after crops of the value of fifteen thousand dollars had been delivered as rental, the tenants exercised the option to purchase by paying twenty thousand dollars in cash, being the balance of the purchase price fixed in the option. The owners accepted the payment and executed a deed to the tenants. The deed was recorded in the county auditor's office on August 16, 1956.

May 23, 1958, Thomas Logan Clark and Phyllis E. Clark were adjudicated bankrupts. January 13, 1959, this action was instituted by the trustee in bankruptcy to set aside the deed as a fraudulent conveyance, under the provisions

of RCW 19.40. The defendants' answer denied the allegations of the complaint and pleaded, as an affirmative defense, the bar of the statute of limitations.

The court held that the action was barred by the statute of limitations, granted the defendants' motion for summary judgment, and dismissed the action. The plaintiff appeals.

On appeal, the parties agree that the applicable limitations statute is RCW 4.16.080(4), which provides:

"Within three years: . . .
"(4) An action for relief upon the ground of fraud, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud; . . ."

We are here concerned with the date when the statute of limitations commenced to run. The statute begins to run in fraud cases when there is discovery by the aggrieved party of the facts constituting the fraud. RCW 4.16.080(4), *supra*. Actual knowledge of the fraud will be inferred if the aggrieved party, by the exercise of due diligence, could have discovered it. *Sanders v. Sheets*, 142 Wash. 155, 252 Pac. 531 (1927).

When an instrument involving real property is properly recorded, it becomes notice to all the world of its contents. *Allen v. Graaf*, 179 Wash. 431, 38 P. (2d) 236 (1934). See *Dowgialla v. Knevage*, 48 Wn. (2d) 326, 294 P. (2d) 393 (1956). When the facts upon which the fraud is predicated are contained in a written instrument which is placed on the public record, there is constructive notice of its contents, and the statute of limitations begins to run at the date of the recording of the instrument. *Davis v. Rogers*, 128 Wash. 231, 222 Pac. 499 (1924); *Irwin v. Holbrook*, 32 Wash. 349, 73 Pac. 360 (1903).

Appellant contends, however, that there is no statute authorizing the recording of options to purchase real property, and that, therefore, the recording of the option did not give constructive notice. We do not agree. The recording statute, RCW 65.08.070, provides in part as follows:

"A conveyance of real property, when acknowledged by

the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. . . ."

RCW 65.08.060 defines "conveyance" as follows:

" . . . (3) The term 'conveyance' includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned or by which the title to any real property may be affected, . . . 'To convey' is to execute a 'conveyance' as defined in this subdivision. . . ."

With reference to executory contracts, RCW 65.08.080 provides in part as follows:

"An executory contract for the sale or purchase of real property . . . when so recorded shall be notice to all persons of the rights of the vendee under the contract."

The option to purchase constituted an "interest in real property" and also "affected" the title to the property. *Hardinger v. Blackmon,* 13 Wn. (2d) 94, 124 P. (2d) 220 (1942); *Crowley v. Byrne,* 71 Wash. 444, 129 Pac. 113 (1912). The recording gave constructive notice to all persons that the owners had given the tenants an option to purchase the property for the consideration specified therein.

The creditors, in whose shoes the appellant stands, are deemed in law to have discovered on March 20, 1952, the alleged inadequacy of the consideration and "the facts constituting the fraud," upon which they now rely. The present action was not commenced within the three-year period after discovery of the alleged fraud, as required by RCW 4.16.080(4), *supra.* The court did not err in dismissing the action.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.