[No. 12146-8-II.   Division Two.   August 13, 1990.]

ABERDEEN FEDERAL SAVINGS & LOAN ASSOCIATION, *Respondent*, v. GARY A. HANSON, ET AL, *Appellants*.

774

*David C. Hemmelgarn* and *McCormick, Hoffman, Rees, Faubion, Quinn & Van Buskirk, P.S.*, for appellants.

*George S. Treperinas* and *Wood & Jones, P.S.*, for respondent.

REED, J.—Gary Hanson appeals the trial court's ruling that Aberdeen Federal Savings and Loan Association's action to set aside a fraudulent conveyance was not barred by the statute of limitations. We affirm.

Aberdeen Federal Savings and Loan Association (Aberdeen Federal) obtained a judgment against Gary Hanson in

1984. After an execution sale, a deficiency remained. Aberdeen Federal's efforts to locate additional assets included obtaining an affidavit from Hanson, questioning Hanson in supplemental proceedings, and other contacts with him and his lawyer. The efforts were thwarted, in part, by Hanson's repeated assertions that he did not have separate property available to satisfy the judgment.

In 1986 Aberdeen Federal learned of some property that might be reached because it had been fraudulently conveyed. Hanson initially owned the property in question as a partner in the Cape Horn Associates partnership. Hanson transferred his interest in Cape Horn Associates to Washington Timberland Management (WTM) in 1982 through a written partnership agreement. The land in question was later transferred to the garnishee defendants.[1] The agreement also restructured the partnership by eliminating one of the partners and substituting WTM for Hanson. Hanson was WTM's president and sole stockholder.

The agreement was recorded with the Mason County Auditor on April 1, 1983. The agreement did not show what property was transferred from one partnership to the other, nor did it show the consideration for the transfer.

Aberdeen Federal obtained a writ of garnishment on September 27, 1987, directing the garnishee defendants to pay the moneys owed on a land contract to Aberdeen Federal rather than to Hanson or WTM. Aberdeen Federal controverted the answer to the writ of garnishment and the matter went to trial.

Hanson moved for summary judgment, arguing that Aberdeen Federal's claim to set aside the conveyance as fraudulent was barred by RCW 4.16.080(4), the 3–year statute of limitations for actions based on fraud. The trial court denied the motion and applied RCW 4.16.020(2), a 10–year statute of limitations for actions based on judgments. Alternatively, the court ruled that, even if the 3–

---

[1] In 1987 the Cape Horn Properties partnership was dissolved. WTM thereafter transferred its interest in the property to the garnishee defendants.

year period applied, Aberdeen Federal could not have discovered the fraudulent conveyance more than 3 years before instituting the action.

At trial the court found that the transfer was fraudulent. The court set aside the conveyance to the extent necessary to satisfy Aberdeen Federal's claim and ordered garnishee defendants to pay Aberdeen Federal rather than Hanson or WTM.

■■ Aberdeen Federal argues that the 10–year period of RCW 4.16.020 should apply because this action is primarily an effort to collect on a judgment. The gravamen of the claim determines the applicable statute of limitation. *See Bradbury v. Nethercutt,* 95 Wash. 670, 672, 164 P. 194 (1917). The 3–year limitation of RCW 4.16.080(4) applies to fraudulent conveyance actions. *Strong v. Clark,* 56 Wn.2d 230, 232, 352 P.2d 183 (1960).

Aberdeen Federal seeks two distinct types of relief. First, it seeks to set aside the fraudulent conveyance. Second, it seeks to execute on the property to satisfy its judgment. In this step of the proceedings the gravamen of the claim is an action to set aside a purported fraudulent conveyance. Thus, the 3–year statute of limitations applies. Were we to hold otherwise, different statutes of limitation would apply to fraudulent conveyances depending upon whether a judgment had or had not been obtained.

■■ Next we must determine when the statute began to run. The 3–year statute begins to run when the party discovered, or with the exercise of due diligence could have discovered, the existence of the fraudulent conveyance. *Strong,* 56 Wn.2d at 232. Whether the fraud could have been discovered is a question of fact. *See Interlake Porsche + Audi, Inc. v. Bucholz,* 45 Wn. App. 502, 518, 728 P.2d 597 (1986), *review denied,* 107 Wn.2d 1022 (1987). The trial court found that Aberdeen Federal did not have sufficient evidence to charge it with discovery of the fraud. We review that finding to determine if it is supported by substantial evidence, *see Holland v. Boeing Co.,* 90 Wn.2d 384, 390, 583

P.2d 621 (1978). We find substantial evidence in the record to support the finding.

Hanson also argues that because the Cape Horn Properties partnership agreement was recorded with the Mason County Auditor, it provided constructive notice of the contents of that document, citing *Western Washington Laborers–Employers Health & Sec. Trust Fund v. Harold Jordan Co.,* 52 Wn. App. 387, 390, 760 P.2d 382 (1988). We find the argument unpersuasive.

The *Jordan* court relies upon *Strong v. Clark, supra,* for the proposition that recorded documents are constructive notice "to [all] the world." *Jordan,* 52 Wn. App. at 391. However, *Strong* stands for the proposition that the recording of an instrument affecting real property is constructive notice to all those *who subsequently acquire an interest in the property and have reason to refer to the record in which the document is recorded. See Strong,* 56 Wn.2d at 231–32.

One is charged with constructive notice only if the fraud could have been discovered by examining the record and if "ordinary prudence and business judgment" required examination of the record. *Irwin v. Holbrook,* 32 Wash. 349, 357, 73 P. 360 (1903); *cf. Kendrick v. Davis,* 75 Wn.2d 456, 464, 452 P.2d 222 (1969) (recording is not constructive notice to antecedent parties); *Johnstone v. Peyton,* 59 Wash. 436, 439, 110 P. 7 (1910) (entry of a fraudulent judgment was not constructive notice of that judgment and the cause of action did not accrue upon entry of the judgment).

The cases holding that placing a document on record is constructive notice to all the world of that document generally are cases in which the party either had actual notice or was a subsequent party. *Kendrick,* 75 Wn.2d at 465. In *Kendrick* the court held that the vendor was not required to notify mortgagees of the vendor's intent to forfeit the contract even though the mortgagees' interests were recorded, because the vendor had no reason to turn to the record after selling to the vendee. *Kendrick,* at 464–65.

Aberdeen Federal had no reason to turn to the record in Mason County. The partnership agreement that was recorded in Mason County did not contain a real property description and was filed under miscellaneous documents rather than in the land records. Moreover, the statute of limitations does not begin to run unless the document contains the facts upon which the fraudulent conveyance is predicated. *Strong,* 56 Wn.2d at 232. The document recorded here did not disclose the facts, *i.e.,* elements, of a fraudulent conveyance. Thus, the document could not have served as constructive notice in any case.

We deny Aberdeen Federal's request for attorney's fees, because we find Hanson's appeal raises arguable questions of law, particularly in light of the *Jordan* decision. *See Boyles v. Department of Retirement Sys.,* 105 Wn.2d 499, 506–07, 716 P.2d 869 (1986).

The judgment is affirmed.

PETRICH, A.C.J., and WORSWICK, J., concur.