FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 OCT 27 AM 9: 55



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JEFFREY HALEY, | ) | No. 70649-7-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| JOHN F. PUGH, | ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| SUNSTREAM CORPORATION, and DEBORAH HEY, | ) ) ) | FILED: October 27, 2014 |
| Defendants. | ) ) ) | |

BECKER, J. — At issue in this appeal is whether an easement for vehicular and pedestrian use has been abandoned. We reject the argument that easements created by dedication can be extinguished only by a written deed of conveyance. The previous owner of the easement declared that she intentionally abandoned it to facilitate the daylighting of a stream that ran through it. As no controverting evidence was presented, the trial court properly determined abandonment on summary judgment. The court also properly dismissed, as time barred, a claim seeking removal of a boat lift.

Appellant Jeffrey Haley and Respondent John Pugh are the owners of near-adjacent parcels of land on the east side of Mercer Island. Pugh's lakefront parcel, lot D, lies west of Lake Washington. To the west of lot D is lot C, a parcel

unrelated to this litigation. To the west of lot C is lot B, owned by Haley. Bordering all three above-mentioned parcels on the north is a long and narrow lot, tract A. Pugh owns tract A.

The easement area at issue is a 10 by 140 foot strip of tract A immediately north of Haley's lot. A recorded easement granted in 1979 gave easement rights over this strip to Haley's lot. The 1979 easement granted easement rights "for purposes of utilities and vehicular and pedestrian ingress, egress and right-of-way including such commercial vehicles as are customary for residential purposes and such vehicles as may be required in the construction of dwellings and improvements on the Dominant Estate and for parking of vehicles of visitors to the Dominant Estate."

Pugh purchased his residential parcel in March 2001. He purchased tract A in April 2001. Shortly thereafter, Pugh applied for a variance and permit through the City of Mercer Island to "daylight" a stream that had previously been routed through underground pipes in tract A. The application was granted on September 17, 2001. Improvements were completed by 2004. The easement area now has an open water course and is densely landscaped with trees, shrubs, and boulders.

In September 2001, Pugh received a permit to rebuild the existing dock on his property.

On April 26, 2005, Pugh received a permit to build a boat canopy on his existing boat lift.

On or around May 11, 2005, Haley bought his parcel from Kathleen Hume.

On January 22, 2012, Haley wrote to Pugh that he wished to make surface improvements within the easement area that would enable him to use the easement for parking. Pugh refused on the ground that the easement had been abandoned.

On March 29, 2012, Haley received notice of Pugh's application to build a second dock on his property.

On July 19, 2012, Haley brought suit against Pugh alleging a violation of shoreline law and fraud in obtaining a dock permit, and seeking removal of the boat lift. Pugh counterclaimed to quiet title in the easement area, alleging that the easement had been abandoned by Hume, Haley's predecessor in interest.

On October 5, 2012, after a hearing, the trial court granted Pugh's motion for summary judgment on the easement claim. The court found that the 1979 easement rights were abandoned insofar as inconsistent with the altered watercourse. "Specifically, all easement rights are terminated and abandoned except for easement rights to utility, sewage and drainage to the extent said utilities serve plaintiff's property in the easement area."

On May 8, 2013, the trial court granted Pugh's motion for summary judgment on the claims involving his dock and boat lift, finding them barred by the statute of limitations. Pugh was awarded attorney fees for defending the boat lift claim.

Haley appeals both orders of summary judgment.

We review de novo a trial court's decision on summary judgment, performing the same inquiry as the trial court. Roger Crane & Assocs. v. Felice,

74 Wn. App. 769, 773, 875 P.2d 705 (1994). Summary judgment is appropriate where no genuine issue of material fact remains. CR 56. We consider the evidence in the light most favorable to Haley, the nonmoving party. CR 56.

*Abandonment of easement*

Abandonment of an easement requires more than mere nonuse—the nonuse must be accompanied by the express or implied intent to abandon. Heg v. Alldredge, 157 Wn.2d 154, 161, 137 P.3d 9 (2006). Acts evidencing abandonment of an easement must be unequivocal and decisive and inconsistent with the continued existence of the easement. Heg, 157 Wn.2d at 161.

To show that the easement was abandoned, Pugh submitted the declaration of Hume, the previous owner of Haley's lot. Hume owned the lot when Pugh obtained the variance from Mercer Island permitting the daylighting of the stream and associated landscaping. Hume declared that she was consulted by Pugh and fully consented to the improvements in the easement area, and that she was aware the improvements would be inconsistent with surface use of her easement rights. She said she received notice of Pugh's application for a permit for the improvements and did not object.

> I was fully aware that the creation of an open stream with landscaping would eliminate any pedestrian or vehicle use of the easement area. I recognized the proposed improvement as an enhancement to my property's value. . . .
>
>     . . . .
>     . . . From and after 2001 I abandoned any claim of easement rights in Tract A with the exception of easement rights for any underground utilities serving my property. After 2001 no surface use of the easement area was possible.

4

Declaration of Kathleen Hume, Clerk's Papers at 59.

Haley contends that Hume's declaration is insufficient to establish intent to abandon. He claims that Hume, like the owner of the dominant estate in Heg, merely failed to object when Pugh made improvements that were inconsistent with the recorded easement. We disagree. Hume's declaration distinguishes this case from Heg because it establishes that Hume affirmatively consented to Pugh's improvements, knowing that they were inconsistent with full exercise of her easement rights. Her declaration is uncontroverted. On this record, there is no genuine issue of material fact as to Hume's intent to abandon the easement.

Haley also argues that Hume did not effectively abandon the easement because she did not comply with the statutory requirements that every conveyance of real estate must be by written deed:

> Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed.

RCW 64.04.010.

> Every deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by *this act to take acknowledgments of deeds.

RCW 64.04.020. Haley's argument presupposes that abandonment of an easement is a conveyance. The statute he cites to support his premise, however, does no more than provide that an easement established by a dedication cannot be extinguished or altered without the approval of the easement owner:

> Easements established by a dedication are property rights that cannot be extinguished or altered without the approval of the easement owner or owners, unless the plat or other document

> creating the dedicated easement provides for an alternative method
> or methods to extinguish or alter the easement.

RCW 64.04.175.[1] Hume's declaration is sufficient to show that she approved the alteration of the easement that limited it to utility, sewage, and drainage rights.

To the extent Haley additionally claims that a due process violation occurred because Hume was not given adequate notice that environmental clearance of Pugh's plan to daylight the stream would eliminate part of her easement, his argument is unsupported by the facts or citation to relevant authority, and we therefore decline to consider it.

In view of the uncontroverted evidence that Hume abandoned the easement rights that Haley attempts to assert, we conclude the trial court correctly limited the easement on summary judgment. It is unnecessary to address adverse possession as an alternative ground for the order.

*Boat lift claim*

Haley's complaint alleged that Pugh's boat lift was illegal. Haley received notice in March 2012 that Pugh had applied to build a second dock. The application included a drawing of Pugh's property showing the layout and measurements of Pugh's existing dock and boat canopy. Haley suspected that the boat lift might be in a location that violated a setback requirement. Using a kayak, Haley made measurements that in his view confirmed that the boat lift was in an illegal location. Looking through municipal records, Haley found no

---

[1] After oral argument in this court, Haley filed "Appellant's Motion for Leave to Change Answer Given in Oral Argument." The motion essentially reiterates the argument Haley made in his opening brief. Because our opinion addresses that argument, it is unnecessary to give separate consideration to the motion.

record that Pugh had obtained a permit when he installed the boat lift. He found only that in 2005, Pugh had applied for a permit to put a cover on the boat lift. He concluded that Pugh had made fraudulent statements about the location in order to obtain the 2005 permit.

Haley's complaint sought an order to have the boat lift removed. The trial court dismissed this claim on summary judgment as barred by the statute of limitations.

The three-year statute of limitations begins to run in fraud cases when the aggrieved party discovers the facts constituting the fraud. RCW 4.16.080(4). Haley contends the three-year statute of limitations was tolled until he discovered the facts constituting the fraud. However, actual knowledge of fraud will be inferred if the aggrieved party, by the exercise of due diligence, could have discovered it. Strong v. Clark, 56 Wn.2d 230, 232, 352 P.2d 183 (1960). To invoke the discovery rule, the plaintiff must show that he or she could not have discovered the relevant facts earlier. G.W. Constr. Corp. v. Prof'l Serv. Indus., Inc., 70 Wn. App. 360, 367, 853 P.2d 484 (1993), review denied, 123 Wn.2d 1002 (1994).

Haley could have discovered the facts constituting the alleged fraud by due diligence beginning in 2005. All documents relating to the boat lift were in the public record then. Haley does not attempt to show why he could not have discovered facts indicating that the boat lift was in an illegal location earlier than 2012, when he began his investigation. We conclude the statute of limitations was not tolled.

Alternatively, Haley contends the allegedly illegal location of the boat lift is a continuing zoning violation and therefore there is effectively no statute of limitations because it is a new violation every day.

It is incorrect to say there are no time limits on a suit challenging a continuing zoning violation. Such a suit must be brought within a reasonable time period after the plaintiff gains actual or constructive knowledge of the violation. Larsen v. Town of Colton, 94 Wn. App. 383, 393, 973 P.2d 1066 (1999).

Haley had constructive notice of the location of the boat lift when he purchased his property in 2005. The boat lift was in plain sight. Haley's complaint was filed in 2012. Haley has not cited any case, and we have found none, where a successful suit was brought seven years after the plaintiff had constructive knowledge of the illegality of the structure challenged. Cf. Larsen v. Town of Colton, 94 Wn. App. 383 (suit to enjoin construction of illegal accessory building commenced seven days after learning a building permit had issued); Radach v. Gunderson, 39 Wn. App. 392, 695 P.2d 128 (neighbors continuously asked the city to revoke a building permit for a structure in violation of mandatory shoreline setbacks, but they refused and the neighbors filed suit after construction was completed), review denied, 103 Wn.2d 1027 (1985). Haley's suit was not brought within a reasonable time.

We conclude the trial court correctly dismissed the boat lift claim as time barred.

*Attorney fees*

Pugh requests an award of attorney fees on appeal for defending Haley's claim that the boat lift violated shoreline regulations. The Shoreline Management Act provides that a court has discretion to award attorney fees and costs to a prevailing party. RCW 90.58.230.

Haley's complaint had requested an award of costs and fees under the Shoreline Management Act. Pugh requested such an award after prevailing on the boat lift claim. Haley then filed a document attempting to "disclaim" his own request for fees and arguing that the Shoreline Management Act was not part of the case. The trial court nevertheless awarded attorney fees to Pugh as the prevailing party on Shorelines Management Act issues.

Haley's disclaimer is ineffective. The portion of his complaint dealing with the boat lift refers explicitly to the shoreline act. He alleged and litigated the issue whether Pugh fraudulently obtained a permit required by the act. Pugh is the prevailing party on appeal. We grant his request for an award of attorney fees under RCW 90.58.230 with respect to the boat lift claim.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, J.

Leach, J.

9