**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLYS M. APPLETON, AKA Marlys Elavsky Appleton, Plaintiff-Appellant, v. SHARYL A. BOHART; SANDRA L. HOHN, Defendants-Appellees. | No. 18-35339 D.C. No. 2:17-cv-00327-TOR MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted February 19, 2019[**]

Before:    FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Marlys M. Appleton AKA Marlys Elavsky Appleton appeals pro se from the

district court's judgment dismissing her diversity action alleging various state law

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (dismissal under Federal Rule of Civil Procedure 12(b)(1)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal based on the applicable statute of limitations). We affirm.

The district court properly dismissed for lack of standing Appleton's fraud, unjust enrichment, and "constructive trust" claims because Appleton failed to allege facts sufficient to show that she had a legally protected interest in the property at issue. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth requirements for Article III standing).

The district court properly dismissed as time-barred Appleton's undue influence claim because Appleton failed to file her action within the applicable three-year statute of limitations. *See* Wash. Rev. Code § 4.16.080(4) (three-year limitations period for a fraud action begins to accrue upon "discovery by the aggrieved party of the facts constituting the fraud"); *Adventist Adoption & Family Servs. v. Perry (In Interest of Perry)*, 641 P.2d 178, 180 (Wash. Ct. App. 1982) (undue influence is a species of fraud); *see also Strong v. Clark*, 352 P.2d 183, 184 (Wash. 1960) ("Actual knowledge of the fraud will be inferred if the aggrieved party, by the exercise of due diligence, could have discovered it. . . . When the

2                                                                    18-35339

facts upon which the fraud is predicated are contained in a written instrument which is placed on the public record, there is constructive notice of its contents, and the statute of limitations begins to run at the date of the recording of the instrument." (citations omitted)).

We reject as meritless Appleton's contentions that the district court erred by considering opposing counsel's declaration and exhibits, refusing to accept her allegations as true, and applying Washington law.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-35339