NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW KATZ OR IN THE ALTERNATIVE THE ESTATE OF MATTHEW KATZ, | No. 23-35016 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-05040-JLR |
| v. | MEMORANDUM[*] |
| DAVID KATZ, | |
| Defendant - Appellee. | |

Appeal from U.S. District Court for the
Western District of Washington
James L. Robart, Senior District Judge, Presiding

Submitted July 8, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Since this appeal was filed, it has come to this Court's attention that Matthew

Katz is deceased. Although no party has moved to substitute the Estate of Matthew

Katz or his successor in interest, the Plaintiff-Appellant in this action will be

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recaptioned "Matthew Katz or in the alternative the Estate of Matthew Katz" ("Matthew" or "Matthew Katz," hereafter).

This suit arises from a dispute over the ownership of property at 5621 Sunrise Beach Rd. NW in Olympia, Washington (the "Property"). The Property had belonged to Matthew, but was conveyed to his nephew, David Katz ("David") via a Quit Claim Deed drafted by Matthew's then-attorney, Alan Wertjes. Matthew signed the Quit Claim Deed in May 2016, and the Deed was recorded on June 1, 2016.

Matthew brought this suit against David in January 2022, alleging fraud, seeking declaratory judgment as to the Quit Claim Deed, and asking the district court to quiet title (among other claims which are not relevant on appeal). The district court granted summary judgment with prejudice to David, because the alleged fraud occurred outside the statute of limitations. Matthew appeals pro se.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment is reviewed de novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm.

I

The district court properly granted summary judgment in favor of David on Matthew's fraud, declaratory judgment, and quiet title claims, because claims of fraud are subject to a three-year statute of limitations. RCW 4.16.080(2)-(4). The three-year period began when Matthew discovered or could have discovered the

salient facts in support of his claim with the exercise of reasonable diligence. RCW 4.16.080(4); *Sanders v. Sheets*, 142 Wn. 155, 158 (1927). Matthew signed the Quit Claim Deed (prepared by his own attorney) in May 2016.

"When an instrument involving real property is properly recorded, it becomes notice to all the world of its contents. When the facts upon which the fraud is predicated are contained in a written instrument which is placed on the public record, there is constructive notice of its contents, and the statute of limitations begins to run at the date of the recording of the instrument." *Strong v. Clark*, 56 Wash. 2d 230, 232 (1960) (internal citations omitted). Matthew filed his complaint on January 20, 2022, when he needed to do so no later than June 1, 2019.

## II

Matthew argues that the lower court erred by barring Matthew's parol evidence, in the form of emails from David that purportedly show that the parties intended for the property to be redeemable. Matthew argues that these emails should have been considered because they qualify for the "collateral contract" exception to the parol evidence rule. Matthew never submitted emails containing an actual agreement between himself and David contrary to the Quit Claim Deed to the district court. For that reason, they are not part of the record which the appellate court may consider now. Moreover, the parol evidence rule bars extrinsic evidence of prior or contemporaneous oral agreements and prior or contemporaneous written agreements

3

that contradict or create a variation in the written documents, and Matthew has not shown that an exception applies based on evidence of fraud, duress or a mutual mistake. *See Brogan & Anensen, LLC v. Lamphiear*, 165 Wash. 2d 773, 775 (2009).

## III

Finally, Matthew argues that the district court should have sua sponte applied promissory estoppel to preclude David's arguments. Matthew did not raise this argument before the district court. We do not consider arguments raised for the first time on appeal. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985).

**AFFIRMED.**