FILED
3/16/2026
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Receivership of:<br><br>EUNIA LEE, | No. 87467-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUNG, J. — Dong Hark Sohn filed a proof of creditor claim with the receiver for Eunia Lee for repayment of a debt owed by her father, Stanley Lee.[1] Sohn appears to have based his claim on an action filed under the Uniform Voidable Transactions Act (UVTA), chapter 19.40 RCW, alleging that Lee fraudulently quitclaimed real property to Eunia. The superior court denied the claim and subsequently approved the final accounting and terminated the receivership. Because Sohn's claim under the UVTA was untimely, the court did not abuse its discretion in granting Eunia's objection to the claim and approving the final accounting. Therefore, we affirm.

BACKGROUND

In December 2018, Sohn and Lee signed an unsecured promissory note in which Sohn agreed to lend money to Lee who would repay no less than $120,000 when the note became due in six months. Lee allegedly defaulted on the note. On March 9, 2022,

---

[1] As Stanley and his daughter Eunia share a last name, we refer to Eunia by her first name for clarity.

Lee signed a second unsecured promissory note agreeing to pay Sohn $500,000 by April 30, 2022. Lee defaulted on this note as well.

Sohn began preparing to file a collection action against Lee in early 2024. At that time, he discovered that Lee had purchased a $1.9 million dollar home in March 2019. He also learned that on August 2, 2019, Lee had transferred the property to his 18-year-old daughter, Eunia Lee. The transfer occurred by quitclaim deed without monetary consideration. After this discovery, Sohn included Eunia as a defendant in his collections lawsuit alleging a claim under the UVTA, filed on March 11, 2024.

Eunia filed for a receivership and the King County Superior Court entered an order appointing a receiver on March 27, 2024. On June 6, 2024, the court approved the sale of the property by the receiver.

Sohn filed a proof of creditor's claim for payment of $500,000 from the receivership.[2] Eunia objected to the claim, arguing that Sohn's UVTA claim was untimely because it was filed more than four years after recording of the quitclaim deed transferring the property to her. Sohn disagreed that his claim was untimely due to his recent discovery of the allegedly fraudulent transfer of the property. On October 21, 2024, the court entered an order granting Eunia's objection to Sohn's claim, disallowing payment of the requested $500,000. Sohn filed a timely notice of appeal of the order disallowing his claim.

On January 6, 2025, the court entered an order approving the final accounting for the receivership, stating that all allowed claims had been paid in full and the residual cash from the estate was ordered paid to Eunia. The order noted that the court had

---

[2] Sohn did not designate the proof of claim as part of the record on review.

disallowed Sohn's claim and that he had filed an appeal of the order, "but has not posted a bond or cash to stay the effectiveness of the order disallowing his claim." The court released the receiver and terminated the receivership. Sohn received notice of the motion for approval of the final report but did not object or appear at the proceedings. Sohn filed an amended notice of appeal including the order approving the final accounting and terminating the receivership.

A few days after termination of the receivership, Sohn filed in King County Superior Court a motion to set aside residual balance pending appeal without superseding bond, and notice of supersession without bond pursuant to RAP 8.1(f). The court entered an order denying the motion, stating, "[t]he court considered the records and filed herein, heard the arguments of counsel, [and] conclude[ed] that the moving party did not appear." The receiver disbursed all proceeds on February 7, 2025.

Subsequently, Sohn filed a motion to vacate the court's order denying his request to delay disbursement. Sohn claimed the order inaccurately stated that the moving party did not appear and, therefore, the "sole ground for denial is factually inaccurate." The court declined to vacate the order but entered an amended order denying the motion to impound sale proceeds that stated that all parties were present during the proceedings on the motion to delay the disbursement.

## DISCUSSION

Courts have broad discretion over receiverships, and " 'because a receivership is an equitable remedy,' " we review a trial court's decision pursuant to a receivership for an abuse of discretion. Matter of Castle Walls, LLC, 30 Wn. App. 2d 526, 533, 545 P.3d 816 (2024) (quoting Bero v. Name Intel., Inc., 195 Wn. App. 170, 175, 179, 381 P.3d 71

(2016)). A trial court abuses its discretion when the decision is manifestly unreasonable or based on untenable grounds. Castle Walls, 30 Wn. App. 2d at 534.

Sohn argues that the court erred by denying his creditor claim and approving the final accounting for the receivership. Eunia contends that denial of Sohn's claim was proper because his UVTA claim was untimely. We agree with Eunia.

I. Basis for the Court's Ruling

As a threshold issue, Sohn claims that the court's order denying his claim was "[d]evoid of factual findings capable of review and therefore, should be reversed." However, "[f]indings of fact and conclusions of law are not required in matters of equity and need not be included in the trial court's receivership order." Id. Additionally, we may affirm a decision on any ground supported by the record. LK Operating, LLC v. Collection Group, LLC., 181 Wn.2d 48, 73, 331 P.3d 1147 (2014).

Based on the record, the receivership court considered Eunia's objection to the creditor claim, which raised only the legal argument that the UVTA claim is untimely. Sohn's response was likewise focused on attempting to refute that argument.[3] As Sohn did not provide the proof of claim as part of the record on appeal, and because the parties' focus in superior court and on appeal is on the timeliness of the UVTA claim, we address only this possible basis for disallowing Sohn's claim.

---

[3] As noted above, Sohn failed to designate his proof of claim for review by this court. As a result, we have no record of specifics of his proof of creditor claim other than the assertions of the parties in the objection and response below. Sohn, as the appellant, has the burden of presenting a record adequate for review of his appeal. St. Hilaire v. Food Servs. of Am., Inc., 82 Wn. App. 343, 352, 917 P.2d 1114 (1996).

II. Timeliness of the UVTA Claim

The parties dispute whether Sohn's UVTA claim was timely.[4] "Where the underlying facts are not in dispute, whether a case was filed within the statute of limitations period is a question of law," and we review questions of law de novo. Kiona Park Ests. v. Dehls, 18 Wn. App. 2d 328, 336, 491 P.3d 247 (2021).

The UVTA provides that "[a] transfer made or obligation incurred by a debtor is voidable as to a creditor . . . if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay or defraud any creditor of the debtor." RCW 19.40.041(1)(a). The statute establishes a deadline for the creditor to seek relief under the act:

> A claim for relief with respect to a transfer or obligation under this chapter is extinguished unless action is brought:
> (1) Under RCW 19.40.041(1)(a), not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant.

RCW 19.40.091. This establishes "a one-year period from the date of discovery of the fraudulent nature of the transfer within which to initiate a claim under the [UVTA]." Freitag v. McGhie, 133 Wn.2d 816, 824, 947 P.2d 1186 (1997). Actual knowledge of the fraud will be inferred "if the aggrieved party, by the exercise of due diligence, could have discovered it." Strong v. Clark, 56 Wn.2d 230, 232, 352 P.2d 183 (1960). Based on the timeline in the statute, Sohn was required to file his claim not later than four years after the transfer of the property to Eunia or not later than one year after he discovered or reasonably could have discovered the transfer. Sohn claims that he did not discover

---

[4] The parties disagree as to whether the UVTA includes a statute of repose or a statute of limitation. We need not resolve this dispute to resolve the merits of this case.

and could not have discovered the fraudulent transfer until preparing his lawsuit in March 2024.

Here, the allegedly fraudulent transfer is the quitclaiming of the property from Lee to Eunia. "When an instrument involving real property is properly recorded, it becomes notice to all the world of its contents." Id. Therefore, "[w]hen the facts upon which the fraud is predicated are contained in a written instrument which is placed on the public record, there is constructive notice of its contents, and the statute of limitations begins to run at the date of the recording of the instrument." Id. "One is charged with constructive notice only if the fraud could have been discovered by examining the record and if 'ordinary prudence and business judgment' required examination of the record. Aberdeen Fed. Sav. & Loan Ass'n v. Hanson, 58 Wn. App. 773, 777, 794 P.2d 1322 (1990) (quoting Irwin v. Holbrook, 32 Wash. 349, 357, 73 P. 360 (1903)).

The quitclaim deed was executed on August 2, 2019. The deed appears to have been recorded as of August 29, 2019. When he transferred the property, Lee had already defaulted on the first promissory note but had not yet signed the second note. Thus, as of August 29, 2019, the public record provided notice that Lee had transferred the property to his daughter for no monetary consideration and Sohn was aware that Lee had failed to pay the $120,000 owed under the terms of the promissory note. Thus, at that time, the facts supporting a cause of action for fraudulent transfer had occurred.

Sohn argues that he had no reason to discover the transfer of the property, and "the idea that a claimant could have reasonably discovered any real property asset owned and transferred by someone who owes him a debt is absurd." Further, he claims "[s]uch a standard would require periodically scanning real property records state or

even nationwide for the name of such debtor." In support, he cites Aberdeen, which limits the reach of constructive knowledge from a deed: "the recording of an instrument affecting real property is constructive notice to all those who subsequently acquire an interest in the property and have reason to refer to the record in which the document is recorded." 58 Wn. App. at 777 (emphasis omitted).

According to Aberdeen, constructive notice applies if the fraud could have been discovered by examining the record, and prudence and business judgment required examination of the record. Id. For the purposes of the discovery rule, due diligence "is a question of fact unless reasonable minds could reach but one conclusion." Burns v. McClinton, 135 Wn. App. 285, 300, 143 P.3d 630 (2006). The plaintiff bears the burden of proving that the fraud was not discoverable through due diligence. Id.; Douglass v. Stanger, 101 Wn. App. 243, 256, 2 P.3d 998 (2000). Sohn was the plaintiff bringing the UVTA claim that was the basis for his creditor's claim in this receivership action. Therefore, Sohn was required to demonstrate that the fraudulent transfer was not discoverable through due diligence.

Sohn stated that during 2021 and 2022, Lee "represented to the Creditor that the Loans would be repaid from Lees' home equity." Additionally, Sohn claimed that between July 2020 and October 2021, Lee "clearly indicate[d] that the Lees would either refinance or sell the Property to repay the Loans." Thus, by October 2021, Sohn had the expectation that Lee would repay him with money generated by the property.

There is no evidence in the record as to whether, in agreeing to the second, much larger, promissory note, Sohn conducted any inquiry into Lee's assets or security for the debt. Because Lee had already defaulted on the first promissory note and

represented that he would satisfy his obligation through the property, reasonable minds can only conclude that due diligence required Sohn to verify Lee's ownership of that asset prior to agreeing to a larger promissory note. Had Sohn performed this due diligence—exercising "ordinary prudence and business judgment"— prior to agreeing to the second promissory note, he would have discovered the facts of the allegedly fraudulent transfer by March 2022. Aberdeen, 58 Wn. App. at 777. Thus, Sohn can be deemed as a matter of law to have had constructive knowledge of the facts of his UVTA claim at least as of March 2022.

Sohn filed his UVTA claim on March 11, 2024, more than four years after the transfer of Lee's property and recording of the quitclaim deed, and two years after due diligence would have uncovered the allegedly fraudulent transfer prior to signing the second promissory note. Therefore, Sohn's UVTA claim is extinguished under RCW 19.40.091(1), and he has no claim to funds from the receivership based on the UVTA claim.

The court did not abuse its discretion by entering either the order that granted Eunia's objection and disallowed Sohn's creditor claim or the order that approved the final accounting and terminated the receivership.

CONCLUSION

Affirmed.

Chung, J.

WE CONCUR: